# CHARLESTON.

## STATE v. DAISY FRAZIER

### (No. 5870)

Submitted November 8, 1927.    Decided November 15, 1927.

CONSTITUTIONAL LAW—*Exclusion of Negroes From Grand Jury Returning Indictment for Murder Held to Deny Equal Protection of Law (Const. U. S. Amend. 14).*

Point 3 in the syllabus of *State* v. *Cooke,* 81 W. Va. 686, relating to the exclusion of negroes from grand and petit jury lists, applied.

(Constitutional Law, 12 C. J. §§ 916, 918.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mingo County.

Daisy Frazier was convicted of first degree murder, and she brings error.

*Reversed and remanded.*

*James Damron,* for plaintiff in error.

HATCHER, PRESIDENT:

The defendant was found guilty of murder in the first degree in July 1926 by the circuit court of Mingo County.

Before pleading to the indictment she moved the court to quash it and filed in support of her motion a plea in abatement, which alleged that she was a colored woman and a resident of Mingo County; that the jury commissioners of that county in making up a list of persons to serve as grand jurors for that year, failed to include in the list any colored persons; that at the time the list was made there resided in Mingo County one thousand or more negroes, who were registered voters and qualified under the laws of the United States and the State of West Virginia to serve as grand jurors; that the reason the commissioners excluded negroes from the list was "solely on the ground of their race and color"; and that such discrimination denied her, as a member of that race, the equal protection of the law guaranteed by the Constitution.

A demurrer by the State to this plea was sustained. The defendant plead not guilty to the indictment, and when confronted with the jury moved the court to quash the jury panel and filed in support thereof another plea in abatement. The second motion and the second plea advanced like reasons to those averred in her motion and plea to the grand jury. A demurrer by the State to the second plea was also sustained and the motion to quash overruled.

In *State* v. *Cooke,* 81 W. Va. 686, this Court held: "Whenever by any action of a state, whether through its Legislature, through its courts, or through its executive or administrative officers, all persons of the African race are excluded, solely because of their race or color, from serving as grand or petit jurors in the criminal prosecution of a person of the African race, the equal protection of the laws is denied to him contrary to the Fourteenth Amendment to the Constitution of the United States." The defendant's pleas aver facts which constitute a denial of her constitutional rights under the above decision. Upon demurrer, the facts stated in pleas are taken as true. Consequently, it was error for the court to sustain the demurrers to the pleas. The State should have been required to join issue thereon. See *State* v. *Young,* 82 W. Va. 714 (717).

As these errors call for a reversal of the judgment, it is not necessary to comment upon the other errors alleged.

The judgment of the lower court is reversed, the verdict of the jury set aside, and the case remanded.

*Reversed and remanded.*