Ex Parte A. B. Farmer

(No. 9192)

Submitted April 29, 1941.   Decided May 20, 1941.

*E. Garland Ray,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

Rose, Judge:

A. B. Farmer prosecutes this writ of error to an order of the Circuit Court of Cabell County entered on December 26, 1940, a special judge presiding, by which a writ of *habeas corpus ad subjiciendum* issued upon his petition was dismissed, and he was remanded to the custody of the warden of the state penitentiary.

The plaintiff in error, at the June Term, 1940, of the Common Pleas Court of Cabell County, was indicted for an attempt at armed robbery of one Nemur George, and on the 21st day of June, 1940, was tried on said charge in said court and found guilty. On the 12th day of July, 1940, motions for a new trial and in arrest of judgment were overruled, and Farmer was sentenced to the penitentiary for the term of twenty-five years, presumably under the provisions of Code, 61-2-12, as amended by Chapter 28 of the Acts of the Legislature of 1939.

Under date of December 6, 1940, Farmer, by a petition apparently prepared by himself, no counsel appearing, applied to this Court for a writ of *habeas corpus ad subjiciendum,* which, on the 12th day of December, 1940, was awarded and made returnable before the Judge of the Circuit Court of Cabell County. The warden of the West

Virginia penitentiary made return, exhibiting certified copies of the indictment of Farmer, of the court record of arraignment, trial, conviction and commitment, and produced the body of the petitioner on the 19th day of December, 1940, when a trial was had, resulting in the discharge of the writ and the remanding of the prisoner.

The application to this Court for the writ of *habeas corpus* assigns by number twenty-four grounds. Each of these is very inaptly drawn. None of them is in form and substance technically sufficient to justify the issuance of the writ, and most of them relate wholly to what is claimed to be errors in the original trial. We thought these grounds, however, charged, or at least intimated, the existence of facts or conditions which might render the sentence under which the petitioner is incarcerated utterly void, and justify discharge by *habeas corpus*. *Ex Parte Barr,* 79 W. Va. 681, 91 S. E. 655. Accordingly, this Court, out of its solicitude for the rights of a lay petitioner, felt justified in issuing the writ in order that a full investigation of the charges made, or intimated, might be had.

The charge most emphasized and repeated in different forms in the petition was apparently intended to make the claim that the whole proceeding in the Court of Common Pleas of Cabell County was void by reason of the fact that the petitioner is of African descent, and that all persons of that race were improperly excluded from the grand jury by which he was indicted and from the petit jury by which he was tried, in accordance with a systematic plan long followed in Cabell County.

The Supreme Court of the United States has well established the principle that such a policy or practice by the governmental authorities of a state or sub-division thereof is a substantial deprivation of the rights of a colored citizen as to make wholly void his conviction, regardless of the apparent regularity of the court proceedings. *In re Wood,* 140 U. S. 278, 11 S. Ct. 738, 35 L. Ed. 505; *Smith* v. *Texas,* 311 U. S. 128, 61 S. Ct. 164, 85 L. Ed. 84; *Neal* v. *Delaware,* 103 U. S. 370, 26 L. Ed. 567; *Pierre* v. *Louisiana,* 306 U. S. 354, 59 S. Ct. 536, 83 L. Ed. 757; *Martin* v. *Texas,* 200 U. S. 316, 26 S. Ct. 338, 50 L. Ed. 497; *Carter*

v. *Texas,* 177 U. S. 442, 20 S. Ct. 687, 44 L. Ed. 839. However, we cannot say that the court below erred in refusing to discharge the prisoner on this ground. It is well established in this state that such an objection should be made by plea in abatement. *State* v. *Cook,* 81 W. Va. 686, 95 S. E. 792; *State* v. *McClelland,* 85 W. Va. 289, 101 S. E. 472; *State* v. *Frazier,* 104 W. Va. 480, 140 S. E. 324. In the case at bar, moreover, this rule works no hardship on the prisoner, for, on the hearing, he totally failed to maintain this charge by evidence. On the point, his sole witness was himself, and he merely testified that there was no negro on the grand jury by which he was indicted, and, although he had been in and about the court for ten years, he had never known of a negro to serve on a grand jury, and only one or two on a petit jury. On behalf of the warden, the clerk of the Circuit Court and Court of Common Pleas who had been such for seven years, testified that negroes on petit juries of that court were not "unusual", but recalls no negro on a grand jury during his term; also, that he has never observed any effort to exclude negroes from either jury. One jury commissioner who has served since 1936, testified that negroes, as such, were never excluded; that he thinks some negroes were on all jury lists, and thinks negroes were drawn on the list for 1940. He remembers, however, only one negro who served on the petit jury during his term, and none on the grand jury. The other jury commissioner testified that no effort was ever made to exclude negroes' from either grand or petit juries; that he believes there were negroes on both the grand and petit juries for the June Term, 1940. The prosecuting attorney, who has served as such since 1932, testified that there have been numerous negroes on both juries during his term, but none on either jury for 1940. No documentary evidence or jury records were produced by either party. The trial court, therefore, could have made no other finding than that the petitioner had failed to establish this ground for a discharge.

A second ground vigorously urged by the petitioner was that he was unable to employ counsel, and that the

attorneys appointed for him by the court were incompetent and grossly neglected their duties. This ground is held to be sufficient to make a conviction void under the Sixth Amendment to the United States Constitution. *Powell et al.* v. *Alabama,* 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527; *Johnson* v. *Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461. In support of this charge he testifies that out of sixteen or seventeen witnesses subpoenaed by him, only two were used; that after the trial and before judgment was pronounced, the principal attorney for the defense withdrew from the case, and that motions for a new trial and in arrest of judgment were not argued. The two attorneys were called as witnesses. One testified that he had been at the bar of the court about two years, during which time he had defended, or assisted in defending about fifty persons charged with crime; that he withdrew from the case with the consent of the court, feeling that he had completed his work, and that he had immediately thereafter been appointed Assistant District Attorney for the United States. The other testified that he had practiced in that court for about two years, but had only tried, or assisted in trying, two criminal cases prior to the Farmer trial, and that he made no argument in support of the motion to set aside the verdict, for the reason that he knew of no ground to assign therefor. Both attorneys testified that the reason for not using the excused witnesses subpoenaed by Farmer was that after an interview with them, they were found to be of no value, in that they knew nothing whatever about the facts in issue. A transcript of the reporter's notes at the trial was placed in evidence, from which the work of these two attorneys in the actual trial of the case appears. There is nothing whatever in this record to indicate that they were dilatory, or that the case was not adequately prepared and defended. The court, therefore, could not have done otherwise than find against the prisoner on this ground.

The petition also reiterates in various forms the charge that the sentence of twenty-five years to the penitentiary was excessive or invalid. This Court has definitely committed itself to the rule that the length of sentence of a

prisoner cannot be inquired into upon writ of *habeas corpus* provided the trial court had jurisdiction to impose the same. *Franklin* v. *Brown,* 73 W. Va. 727, 81 S. E. 405, L. R. A. 1915C, 557; *State* v. *Woodward,* 68 W. Va. 66, 69 S. E. 385, 30 L. R. A. (N. S) 1004.

Although the point is not raised here or below, some members of the Court have felt concern on the question whether the amendatory act, under which the petitioner was sentenced (Chapter 28 of the Acts of 1939), and which increased the maximum penalty for the offense of which the petitioner was convicted from one year in jail (Code, 61-11-8), to life imprisonment in the penitentiary, is not unconstitutional as a violation of Article III, Section 5 of the Constitution of West Virginia, providing that "Penalties shall be proportioned to the character and degree of the offense", thus entitling the petitioner to discharge. *Ex Parte Bornee,* 76 W. Va. 360, 85 S. E. 529, L. R. A. 1915F, 1093; *Ex Parte Nielsen,* 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118. Does the fact that this act prescribes the same penalty for an attempt at armed robbery and for the actual commission of the crime, violate this provision of the Constitution? And does the further fact that the act makes possible a higher penalty for an attempt to commit an ordinary armed robbery than for the actual accomplishment of armed robbery of a bank, render it unconstitutional? And, finally, is petitioner's present sentence for attempted armed robbery, disproportioned to the degree and character of his offense, in that it is five times as long as would have been possible for an attempted murder or treason? Code, 61-11-8. A majority of the Court, however, is of opinion that the act is not unconstitutional and that, in any event, the question cannot be raised here, since it was not raised in the trial court. *State* v. *Jackson,* 95 W. Va. 365, 121 S. E. 162. We are, therefore, compelled, on this appeal, to deny petitioner relief on this ground.

Before the hearing on this writ, the petitioner filed an affidavit charging that the special judge appearing to hear the case was so prejudiced against the petitioner that he could not give him a fair and impartial trial.

Nothing was introduced in evidence to support this charge. The judge declared himself unconscious of any bias or prejudice in the matter, and proceeded to hear the case. We think this matter becomes wholly moot in view of the fact that no judgment other than that rendered was possible.

No evidence was introduced on any other ground assigned for the issuance of the writ, and no other ground so assigned seems sufficient, even if fully supported by evidence, to justify the petitioner's discharge.

We are, therefore, of the opinion to affirm the judgment of the circuit court.

*Affirmed.*