UNITED STATES ex rel. FARMER v. SKEEN, Warden.

UNITED STATES ex rel. FARMER v. THOMPSON et al.

Civ. A. Nos. 561, 608.

United States District Court
N. D. West Virginia, Wheeling Division.
Oct. 15, 1952.

878

Carl Bachmann, C. Lee Spillers, Lester Hess and Wayne Brooks, of Wheeling, W. Va., for petitioner.

WATKINS, District Judge.

These two actions have been filed in this court by A. B. Farmer who is now serving a sentence of 25 years in the West Virginia Penitentiary. Although he has not shown ground therefor, the court has appointed four experienced and able lawyers to represent him. The lawyers appointed are Carl Bachmann, C. Lee Spillers, Lester Hess and Wayne Brooks, and these lawyers have gone to the state penitentiary and conferred with him.

The complaint against A. R. Thompson and others is unintelligible and must be dismissed because it fails to state a cause of action.

The action against Orel J. Skeen, warden, is styled a "Petition for Writ of quo Warranto" and "Petition for Writ of Habeas Corpus ad Testificandum", but this court believes that petitioner intends his petitions to ask for a writ of habeas corpus to test the legality of his detention, and his petitions will be so considered.

Petitioner was tried and convicted by a jury at the June Term 1940 of the Common Pleas Court of Cabell County, West Virginia, of attempt at armed robbery. On July 12, 1940, motions for a new trial and in arrest of judgment were overruled and petitioner was sentenced for a term of 25 years in the state penitentiary. He was represented by counsel. No appeal was prosecuted.

On December 6, 1940 he applied to the Supreme Court of Appeals of West Virginia for a writ of habeas corpus ad subjiciendum, which on the 12th day of December, 1940 was awarded and made returnable before the Judge of the Circuit Court of Cabell County. The Warden of the West Virginia Penitentiary made return, exhibiting certified copies of the indictment, of the court record of arraignment, trial, conviction and commitment, and produced the body of petitioner on the 19th day of December, 1940, when a trial was had, resulting in the discharge of the writ and the remanding of the prisoner. Twenty-four grounds were assigned for the issuance of the writ, most of them relating wholly to what is claimed to be errors in the original trial. As stated by the Supreme Court of West Virginia, that court, "out of its solicitude for the rights of a lay petitioner, felt justified in issuing the writ in order that a full investigation of the charges made, or intimated, might be had." Ex parte Farmer, 123 W.Va. 304, 14 S.E.2d 910, 912, 913. On December 26, 1940, after a full hearing, the Circuit Court of Cabell County dismissed the writ and petitioner was remanded to the warden of the state penitentiary. An appeal was taken to the Supreme Court of Appeals of West Virginia, where the action of the lower court was affirmed. No application was made to the Supreme Court of the United States for certiorari. Ex parte Farmer, supra. In its opinion the Supreme Court of West Virginia discusses the various grounds of the petition. A reading of that opinion shows that the petition now pending in this court raises the same grounds, although the petition here contains only 17 instead of 24 grounds.

In Sanderlin v. Smyth, 4 Cir., 138 F.2d 729, 731, Judge Parker summarizes the rules of law applicable to the issuance of a writ of habeas corpus where petitioner is imprisoned under the judgment of a state

court. In the Smyth case the petitioner took an appeal to the Supreme Court of Virginia, from the denial of his petition for writ of habeas corpus, but did not apply to the Supreme Court of the United States for review by certiorari. Said Judge Parker:

"He had an adequate remedy under state law of which he availed himself when he filed petition with the Supreme Court of Appeals for writ of habeas corpus; and the fact that relief was denied on that application gives rise to the inference, not that the remedy was inadequate, but that he was not entitled to relief. If not satisfied with the action of that court, he should have applied to the Supreme Court of the United States for review by certiorari."

If any of the points raised by petitioner in this petition are new, then petitioner has not exhausted his remedies in the state courts as to them. The petition does not set forth such exceptional circumstances of peculiar urgency as would justify a Federal District Court in issuing the writ for the purpose of inquiring into matters already adjudicated by the state court.

It was pointed out in the Smyth case that upon a petition for habeas corpus the federal court does not consider whether error was committed under state practice, but whether there was a denial of due process as guaranteed by the federal constitution. In Gryger v. Burke, 334 U.S. 728, 731, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683, the Supreme Court said:

"We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question."

In a patently frivolous proceeding such as this, which is doomed to failure from the beginning, respondent should not again be required to make a return or answer, but the petition should be dismissed.

Petition dismissed.