**FARLEY v. SKEEN, Warden.**

No. 609.

United States District Court
N. D. West Virginia, Wheeling Division.

Oct. 15, 1952.

Carl Bachmann, C. Lee Spillers, Lester Hess and Wayne Brooks, all of Wheeling, W. Va., for petitioner.

WATKINS, District Judge.

The petitioner, a state prisoner, has brought this action in habeas corpus. The petition and exhibits therewith show the following facts:

Petitioner was tried by a jury in the Criminal Court of McDowell County, West Virginia, and found guilty of first degree murder without recommendation, which under West Virginia law makes the death sentence mandatory. A motion for a new trial was overruled, and on January 19, 1942, petitioner was sentenced to be executed. An appeal was taken to the Circuit Court of McDowell County where the judgment of the Criminal Court was affirmed. An appeal was then taken to the Supreme Court of Appeals of West Virginia where the judgment was again affirmed. State v. Farley, 125 W.Va. 266, 23 S.E.2d 616. Petitioner alleges two letters from the clerk of the Supreme Court of Appeals of West Virginia, filed with his petition, show that such court denied his application to appeal his conviction to the Supreme Court of the United States in forma pauperis. Those letters from the clerk of the Supreme Court of West Virginia merely acknowledge receipt of a letter from Robert Turner, Director, Sociology Department, West Virginia Penitentiary, concerning the possibility of an appeal, and suggest that the matter of appeal be discussed with counsel. About March 31, 1943, the Governor of West Virginia commuted the sentence to life imprisonment.

On July 10, 1951, petitioner filed his petition in this court asking for a writ of habeas corpus and for leave to proceed in forma pauperis. Although he does not name Orel Skeen as a respondent in the caption of his petition, it is clear that he claims that he is being illegally detained by Warden Skeen. With his petition there is filed as an exhibit a complete transcript of the record of his trial, this being the printed record filed upon the appeal of his conviction in the Supreme Court of Appeals of West Virginia. State v. Farley, supra.

Petitioner does not allege, and a search of the records does not disclose that petitioner has ever applied to the Circuit Court of Marshall County, West Virginia, where the state prison is located, or to the Supreme Court of Appeals of West Virginia for a writ of habeas corpus. Petitioner does not allege that he has ever asked any other court to release him by writ of habeas corpus on the ground of illegal detention. It appears, however, from a search of the official reports of the Supreme Court of the United States, that on March 24, 1952, subsequent to the date this proceeding was instituted, the Supreme Court of the United States denied motion by petitioner "for leave to file petition for writ of habeas corpus". Farley v. Skeen, Warden, 343 U. S. 902, 72 S.Ct. 643.

■ It is well settled law that petitioner must first apply to the state court for release by habeas corpus. As stated by this court in Pebley v. Knotts, 95 F.Supp. 283, state prisoners should exhaust their state remedies by applying to a state court to enforce their constitutional rights before applying to a federal court for such relief. To the same effect see United States ex rel. Bowe v. Skeen, 107 F.Supp. 879, and United States ex rel. Farmer v. Skeen, 107 F.Supp. 877, this day filed by this court. Cook v. Hart, 146 U.S. 183, 13 S.Ct. 40, 36 L.Ed. 934; Sanderlin v. Smyth, 4 Cir., 138 F.2d 729. Title 28, § 2254, U.S.C.A. Since petitioner has not exhausted his state remedies the petition must be dismissed. The court has permitted him to file his petition without payment of costs. In a patently frivolous proceeding such as this, which is doomed to failure from the beginning, respondent should not be required to make return or answer, or to bring the petitioner into court, but the petition should be dismissed.

■■ But there are other reasons why the petition must be dismissed. The grounds alleged to show illegal detention are: (1) That his counsel failed to introduce on his behalf certain witnesses and evidence which petitioner claims were vital to his defense; that his counsel failed to make proper investigation; and that the trial judge gave improper instructions. He claims that the failure of his counsel to make proper investigation of his case and to introduce certain evidence, amounted to a violation of his constitutional right to as-

sistance of counsel. The record shows that he was represented by appointed counsel or by counsel employed by relatives at every stage of the trial, including his appeals to the Circuit Court of McDowell County and to the Supreme Court of Appeals of West Virginia. He does not allege that his counsel were incompetent or that he made complaint to the trial judge. On the contrary a reading of the record shows that his counsel did what he thought best in his behalf. These same grounds were raised, decided and discussed upon the appeal of his conviction in the Supreme Court of Appeals of West Virginia. It was stated in United States v. Wight, 2 Cir., 176 F.2d 376, 379, that "* * * unless the purported representation by counsel was such as to make the trial a farce and a mockery of justice, mere allegations of incompetency or inefficiency of counsel will not ordinarily suffice as grounds for the issuance of a writ of habeas corpus * * *." As decided by the Supreme Court of Appeals of West Virginia, "There is no indication that the trial judge failed to properly exercise the high trust reposed in him upon whom rested the constitutional duty of seeing that the accused was adequately defended." [125 W.Va. 266, 23 S.E.2d 621.]

The petition is dismissed for the following reasons; (1) Petitioner has failed to exhaust his state remedies. (2) No facts are alleged in the petition which, if true, would justify the court in granting the relief asked. (3) The petition and exhibits filed therewith show that petitioner had the benefit of assistance of counsel at every stage of his trial.