**FARLEY v. SKEEN.**
No. 609–W.

United States District Court,
N. D. West Virginia, Wheeling Division.
July 23, 1953.

T. J. Farley, per se.

Howard Caplan, U. S. Atty., Clarksburg, W. Va., and Milford L. Gibson, Asst. U. S. Atty., Kingwood, W. Va., for respondent.

WATKINS, District Judge.

This is the second petition for a writ of habeas corpus filed in this court by petitioner, a state prisoner who is serving a life sentence in the West Virginia Penitentiary for murder. The first petition was dismissed by this court on October 15, 1952, for the reasons stated in an opinion filed by this court. Farley v. Skeen, Warden, D.C.N.D.W.Va., 107 F.Supp. 881. In that case the court appointed four experienced lawyers to represent him. No appeal was taken. He has now filed this second petition, alleging many of the same grounds. In both petitions he alleges that his counsel failed to introduce on his behalf certain witnesses and evidence which petitioner claims were vital to his defense; that his counsel failed to make proper investigation of his case; that the state trial court gave improper instructions to the jury, and that the evidence was insufficient for conviction. As pointed out in the opinion cited above, the jury convicted the defendant of murder in the first degree. Upon appeal the Circuit Court of McDowell County, and the Supreme Court of Appeals affirmed the conviction. Petitioner was sentenced to be executed, but about March 31, 1943, the death sentence was commuted to life imprisonment by the Governor of West Virginia. In both appeals petitioner assigned the grounds mentioned above, but his conviction was affirmed. State v. Farley, 125 W.Va. 266, 23 S.E.2d 616. The case was not carried to the Supreme Court of the United States.

In the second petition, filed more than 10 years after he was sentenced to be executed, he alleges for the first time that at the time of his trial he had "the mind of a child twelve years old" and was "not largely legally responsible;" that he asked his attorney and the trial judge to have him examined but such request was refused; that upon his appeal another lawyer was employed to handle his case; that he did not inform his new lawyer of the refusal of his trial lawyer and the trial judge to have him examined, and that consequently this refusal was not assigned as error upon appeal. He says that the trial judge erred in not hav-

ing him examined by a psychiatrist, and erred in not giving him a fair trial. Petitioner also alleges that he has applied to the Supreme Court of West Virginia for a writ of habeas corpus and that his application was denied on November 26, 1951, and that on March 24, 1952, the Supreme Court of the United States denied motion of petitioner to file petition for writ of habeas corpus. Farley v. Skeen, Warden, 343 U.S. 902, 72 S.Ct. 643, 96 L.Ed. 1322. Petitioner says that he has not been able to present a new petition to the state court setting out this "new evidence" because the warden has refused to approve a voucher of a friend to pay the Secretary of State the sum of $5 required to secure an exhibit. He asks that this court provide the funds necessary to pay the Secretary of State for such exhibit.

■ This petition is dismissed for the reason stated in the opinion of this court cited above and for the following reasons: (1) Petitioner has failed to exhaust his state remedies. It affirmatively appears that he has never presented this so-called "new evidence" to any state court by petition for habeas corpus in an effort to secure his discharge. His petition for habeas corpus to the state Supreme Court and the United States Supreme Court alleged grounds covered in the appeal of his conviction, and in his first petition for habeas corpus filed in this court. (2) No facts are alleged which, if true, present such unusual circumstances as would warrant a District Judge in issuing a writ of habeas corpus. (3) No facts are alleged which would amount to a violation of the constitutional rights of the petitioner thereby making the sentence void. The petition shows that petitioner had the benefit of counsel at every stage of his trial, and in the appellate courts. (4) No facts are alleged which could not have been raised by appeal. The writ of habeas corpus cannot be used as a substitute for appeal. (5) In view of the action of the Supreme Court of Appeals of West Virginia upon some of the questions which are now presented to this court and the action of the Supreme Court of the United States as to such questions, the case falls within the rule that "a federal court will not ordinarily reexamine upon writ of

habeas corpus the questions thus adjudicated." Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 450, 88 L.Ed. 572; Goodwin v. Smyth, 4 Cir., 181 F.2d 498.

■ Where a petition for habeas corpus by a poor person is meritless, the court may permit the filing of such petition and then dismiss it as frivolous, and in a patently frivolous proceeding respondent will not be called upon to make a return or answer. Higgins v. Steele, 8 Cir., 195 F.2d 366.