**FARLEY v. SKEEN, Warden.**

No. 6685.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 9, 1953.

Decided Dec. 9, 1953.

Richard C. Murray, Baltimore, Md., for appellant.

T. D. Kauffelt, Asst. Atty. Gen. of West Virginia (John G. Fox, Atty. Gen. of West Virginia, on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing a petition for a writ of habeas corpus. See Farley v. Skeen, D.C., 113 F.Supp. 736. Appellant was convicted in a West Virginia state court of the crime of murder and was given sentence of death, which was affirmed on appeal by the Supreme Court of Appeals of West Virginia. Appellant was represented by counsel both in the trial court and in the court of appeals and the opinion of the latter court went fully into the circumstances of the trial. State v. Farley, 125 W.Va. 266, 23 S.E.2d 616. The death sentence was commuted by the Governor of the state to life imprisonment and the appellant has since, through applications for habeas corpus, made a number of attacks upon the proceedings leading to his conviction. He made application for the writ to the Supreme Court of Appeals of West Virginia, which was denied on November 26, 1951, but he did not apply to the Supreme Court of the United States for certiorari to review that decision. A direct application to the Supreme Court for habeas corpus was denied March 24, 1952. See Farley v. Skeen, Warden, 343 U.S. 902, 72 S.Ct. 643, 96 L.Ed. 1322. A prior application to the court below was denied October 15, 1952. Farley v. Skeen, Warden, D.C., 107 F.Supp. 881.

The action of the court below was unquestionably correct. Appellant was represented by counsel on his trial in the state court and the questions which he seeks to raise here by habeas corpus should have been raised upon the trial of his case and reviewed by appeal, not by habeas corpus. The failure to apply for certiorari to review the denial of habeas corpus by the Supreme Court of Appeals of the state was failure to exhaust state remedies. Darr v. Burford, Warden, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. And this failure is not excused but is accentuated by the contention that the present application attacks

appellant's conviction on grounds not contained in prior applications. He must invoke state remedies as to these grounds before seeking relief in the federal courts. See Stonebreaker v. Smyth, 4 Cir., 163 F.2d 498, 501. Furthermore, the court was acting well within the limits of a sound discretion in refusing to issue the writ in a case the procedure in which had been fully inquired into and found correct by the highest court of the state. Brown v. Allen, 344 U.S. 443, 458, 73 S.Ct. 397. We would accordingly affirm the decision below if the case were properly before us. The appeal must be dismissed, however, for failure of appellant to obtain the certificate of probable cause required by 28 U.S.C. § 2253. Berman v. Swenson, Warden, 4 Cir., 177 F.2d 717; United States ex rel. Farmer v. Skeen, 4 Cir., 203 F.2d 950.

Appeal dismissed.