### ROBERTSON v. SKEEN.
### No. 392–F.

United States District Court,
N. D. West Virginia,
Fairmont Division.

Jan. 20, 1954.

W. Ralph Musgrove, Fairmont, W. Va., for petitioner.

WATKINS District Judge.

█ Fred Clark Robertson, the petitioner, is presently confined under a state court sentence to a term of from one to fifteen years at West Virginia Penitentiary, Moundsville, West Virginia. The prisoner was found guilty by a McDowell County jury on an indictment charging theft of a motor vehicle. He subsequently petitioned the Supreme Court of Appeals of West Virginia for release on habeas corpus which relief was denied in September of 1953. Certiorari was not sought to review the action of this highest state court. It is readily apparent therefore that this court must deny the prayer of such petition. Title 28, Sec. 2254, U.S.C.A. provides that a prisoner under sentence of a state court must first exhaust available state corrective processes before applying to the federal courts for relief. This court has consistently held that exhaustion of state remedies included denial of certiorari by the Supreme Court to review the action of the highest state tribunal. United States ex rel. Farmer v. Skeen, Warden, D.C.N.D.W.Va., 107 F.Supp. 877. Furthermore, had petitioner exhausted his state remedies the court would be compelled to dismiss the petition as meritless.

█ Petitioner assigns the existence of material defects in the indictment under which he was tried as one of the grounds for issuance of the proposed writ. It is generally held that the sufficiency of an indictment cannot be reviewed in a habeas corpus proceeding. Yodock v. United States, D.C.M.D.Pa., 97 F.Supp. 307; Barnes v. Hunter, 10 Cir., 188 F.2d 86. Petitioner should have tested the sufficiency of the indictment under which he was tried at the time of his trial when adequate appellate procedures were available to him in the event of an adverse ruling. He cannot at this time appeal his conviction under the guise of habeas corpus. "Furthermore, it is for the state courts, not the courts of the United States, to say what is a sufficient charge of crime under state law and what judgment may properly be imposed therefor if the requirements of due process are observed; * * *." Adkins v. Smyth, 4 Cir., 188 F.2d 452, 453. Nothing appears in this cause that could be deemed a denial of due process thereby ousting the sentencing court of jurisdiction.

██ By careful reading of Robertson's petition it is also apparent that he questions the sufficiency of the evidence presented by the state at his trial to sustain a conviction. Reference is made to petitioner's allegations that the testimony of several witnesses who appeared against him disclosed that "no crime had been committed * * *". However, insufficiency of evidence to support a conviction in a state court is not basis for habeas corpus in federal courts. United States ex rel. Borday v. Claudy, D.C.M.D.Pa., 108 F.Supp. 778 and cases cited therein. The sufficiency of evidence to support a conviction is not jurisdictional. United States v. Kranz, D.C.D.N.J., 86 F.Supp. 776. This matter should have been raised at the trial of the cause and not by habeas corpus.

█ Where a petition for habeas corpus by a poor person is meritless, the court may permit the filing of such petition and then dismiss it as frivolous, and in a patently frivolous proceeding

respondent will not be called upon to make a return or answer. Farley v. Skeen, Warden, D.C.N.D.W.Va., 113 F. Supp. 736, 737; Farley v. Skeen, 4 Cir., 208 F.2d 791.

Petition dismissed.