### MARTIN v. SKEEN, Warden.
### No. 390–F.

United States District Court
N. D. West Virginia,
Fairmont Division.

Jan. 20, 1954.

W. Ralph Musgrove, Fairmont, W. Va., for petitioner.

WATKINS, District Judge.

Petitioner was sentenced to life imprisonment as an habitual criminal in November, 1952 by the Intermediate Court of Kanawha County, West Virginia, following his third conviction of a crime designated a felony by the State of West Virginia. The prisoner, in his petition for the writ of habeas corpus now before this court, acknowledges the existence of two previous confinements at West Virginia Penitentiary, Moundsville, West Virginia, prior to his third conviction and subsequent life imprisonment but contends that his present de-

tention is unlawful in that he was sentenced as an habitual criminal without an indictment being returned against him charging habitual criminality. The basis of petitioner's contention is that he was made to answer for a crime without presentment or indictment by a grand jury in violation of the Fifth Amendment of the United States.

 The assignment by petitioner is without merit. It is clear that the procedure followed by the State of West Virginia in imposing a life sentence upon the petitioner violated none of his constitutional rights. As disclosed by the petition, following petitioner's conviction in the Kanawha County Intermediate Court, the prosecuting attorney of that county filed a bill of information against him setting forth previous convictions of the prisoner. This procedure is required by West Virginia Code Chapter 61, Art. 11, § 19, which statute provides for heavier sentences in cases of habitual criminals, the status in which the defendant found himself due to his past criminal record. This court recently held in the case of United States ex rel. Bowe v. Skeen, Warden, D.C.N.D. W.Va., 107 F.Supp. 888, that it was not violative of a prisoner's constitutional rights for a state to present a bill of information to a court setting forth the prisoner's previous criminal record and thus subjecting the defendant to a more severe penalty as an habitual criminal. The reason for this ruling as stated in the Bowe case is that in such a procedure the prisoner is not tried for the felonies appearing in the bill of information, but only given a longer sentence because of them. This procedure does not violate the provision that one shall not be held to answer for a crime unless on presentment or indictment by a grand jury. See State v. Graham, 68 W.Va. 248, 69 S.E. 1010, 40 L.R.A.,N.S., 924, affirmed 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917.

 Where a petition for habeas corpus by a poor person is meritless, the court may permit the filing of such petition and then dismiss it as frivolous, and in a patently frivolous proceeding respondent will not be called upon to make a return or answer. Farley v. Skeen, Warden, D.C.N.D.W.Va., 113 F.Supp. 736, 737; Farley v. Skeen, 4 Cir., 208 F.2d 791.

Petition dismissed.