**A. B. FARMER, Petitioner,**

v.

**Orel J. SKEEN, Warden, West Virginia Penitentiary, Respondent.**

**No. 426–F.**

United States District Court
N. D. West Virginia, Fairmont Division.

Nov. 22, 1954.

———◆———

Russell L. Furbee, Fairmont, W. Va., for petitioner.

John G. Fox, Atty. Gen. of W. Va., and T. D. Kauffelt, Asst. Atty. Gen., for respondent.

WATKINS, Chief Judge.

This is the second petition filed in this court for a writ of habeas corpus by peti-tioner, a state prisoner serving a 25-year sentence in the West Virginia Penitentiary for armed robbery. The first petition was dismissed by this court on October 15, 1952, for the reasons stated in an opinion filed by this court. United States ex rel. Farmer v. Skeen [United States ex rel. Farmer v. Thomson] D.C. N.D.W.Va., 107 F.Supp. 877. Petitioner was denied a certificate of probable cause on December 8, 1952. On appeal the action of this court was affirmed. United States ex rel. Farmer v. Skeen, 4 Cir., 203 F.2d 950. There the appellate court said:

"Prior to filing the petition in the court below, appellant had attacked the judgment and sentence in a habeas corpus proceeding in the courts of the state and had there been denied relief in a judgment which had been affirmed by the Supreme Court of Appeals of the state. Ex parte Farmer, 123 W.Va. 304, 14 S.E.2d 910. As no application to the Supreme Court of the United States was made to review that decision by certiorari, remedies under state law were not exhausted. Darr v. Buford, Warden, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. Furthermore, the judge below was acting within the limits of his discretion in not issuing the writ when it appeared that all questions raised in the petition before him had been thoroughly examined and acted upon by the state courts. Brown v. Allen, 344 U.S. 443, 457–458, 73 S.Ct. 397, 437 [97 L.Ed. 469]. We would accordingly affirm the decision below if the case were properly before us. The appeal must be dismissed, however, for failure of appellant to obtain the certificate of probable cause required by 28 U.S.C. § 2253. Berman v. Swenson, Warden, 4 Cir., 177 F.2d 717."

The history of this case is set out in the opinion of this court, cited above, as follows [107 F.Supp. 878]:

"Petitioner was tried and convicted by a jury at the June Term

1940 of the Common Pleas Court of Cabell County, West Virginia, of attempt at armed robbery. On July 12, 1940, motions for a new trial and in arrest of judgment were overruled and petitioner was sentenced for a term of 25 years in the state penitentiary. He was represented by counsel. No appeal was prosecuted.

"On December 6, 1940 he applied to the Supreme Court of Appeals of West Virginia for a writ of habeas corpus ad subjiciendum, which on the 12th day of December, 1940 was awarded and made returnable before the Judge of the Circuit Court of Cabell County. The Warden of the West Virginia Penitentiary made return, exhibiting certified copies of the indictment, of the court record of arraignment, trial, conviction and commitment, and produced the body of petitioner on the 19th day of December, 1940, when a trial was had, resulting in the discharge of the writ and the remanding of the prisoner. Twenty-four grounds were assigned for the issuance of the writ, most of them relating wholly to what is claimed to be errors in the original trial. As stated by the Supreme Court of West Virginia, that court, 'out of its solicitude for the rights of a lay petitioner, felt justified in issuing the writ in order that a full investigation of the charges made, or intimated, might be had.' Ex parte Farmer, 123 W.Va. 304, 14 S.E.2d 910, 912, 913. On December 26, 1940, after a full hearing, the Circuit Court of Cabell County dismissed the writ and petitioner was remanded to the warden of the state penitentiary. An appeal was taken to the Supreme Court of Appeals of West Virginia, where the action of the lower court was affirmed. No application was made to the Supreme Court of the United States for certiorari. Ex parte Farmer, supra. In its opinion the Supreme Court of West Virginia discusses the various grounds of the petition."

Thereafter petitioner filed a petition for writ of habeas corpus in this court alleging the same grounds as were considered by the Supreme Court of West Virginia. The petition was dismissed for the reason that petitioner had not exhausted his state remedies by applying to the Supreme Court of the United States for certiorari. Upon appeal the action of this court was affirmed as set forth above.

Thereafter petitioner filed another petition for writ of habeas corpus in the Supreme Court of Appeals of West Virginia, which petition was denied by that court on September 21, 1953. He then sought a writ of certiorari in the Supreme Court of the United States and was denied on December 7, 1953. He then filed this petition in this court. An examination of his petition here shows that it contains the same grounds, word for word, that were presented to the Supreme Court of Appeals of West Virginia, and denied by that court on September 21, 1953. In his petition, petitioner notes that all of the errors assigned were presented to the Supreme Court of Appeals of West Virginia. As admitted by petitioner, the grounds raised in the Circuit Court of Cabell County were substantially the same as those set forth in this petition. Petitioner asked to proceed in forma pauperis and to have counsel appointed for him, which requests were granted. Respondent filed an answer to the petition and a hearing was held.

■■ The pending petition must be dismissed. As the state and federal courts have the same responsibility to protect persons from a violation of their constitutional rights, a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined on the facts presented by the highest state court with jurisdiction. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448,

88 L.Ed. 572; Goodwin v. Smyth, 4 Cir., 181 F.2d 498; Farley v. Skeen, D.C. N.D.W.Va., 113 F.Supp. 736, 737. There are no allegations of such unusual circumstances as would justify a lower federal court in granting the writ of habeas corpus to release a state prisoner when that relief had been denied by the highest court of the state and the Supreme Court had refused certiorari. Goodwin v. Smyth, supra.

The papers filed herein are styled as a petition for appeal from the "West Virginia Supreme Court to the United States District Court". However, since the federal courts regard substance rather than form, the papers may be considered as a petition for a writ of habeas corpus to this court as they were apparently intended to be.

Petition dismissed.