William J. SANSBURY

v.

Vernon L. PEPPERSACK, Warden,
Maryland Penitentiary.

Civ. A. No. 11648.

United States District Court
D. Maryland.

Oct. 5, 1959.

CHESNUT, District Judge.

This is another petition for a habeas corpus writ filed by a Maryland State prisoner. The grounds assigned involve generally the subject of comity between state and federal authorities having sep-

arate claims against the defendant for violation of state and federal criminal laws.

In a 10-page typewritten petition setting out alleged facts and arguments of law, the petitioner states that his present imprisonment by the Maryland State authorities came about in the following way.

Some time before 1951 the defendant was convicted and sentenced to imprisonment by the California State authorities and was subsequently released on parole and surrendered to the Maryland State authorities on a Maryland criminal charge of cashing worthless checks. It further appears that he escaped from the Maryland authorities and was subsequently arrested in Georgia by agents of the Federal Bureau of Investigation as a "fugitive". While awaiting disposition of that charge he again escaped and came to Baltimore. He was there arrested by City Detectives and F.B.I. Agents, and before the disposition of the Maryland charge against him he was voluntarily released to the federal authorities where there was also pending against him an indictment in this court on the charge of interstate transportation of forged securities. It also appears from other proceedings in one of the cases here that he had previously been sentenced to imprisonment for ten years by Judge Robert France, Associate Judge of the Supreme Bench of Baltimore presiding in the Criminal Court of Baltimore, on the Maryland charge but had been put on probation by Judge France. When the five criminal charges against him in this court were thereafter disposed of by sentences aggregating ten years he was, by permission of the federal authorities here, taken back to the Criminal Court of Baltimore to appear before Judge France for violation of his probation, where, after hearing, he was sentenced by Judge France to ten years' imprisonment to run consecutively to the ten-year sentence just previously imposed in this court. After serving about six years of the federal sentence at Atlanta, Georgia, he was conditionally released by the federal authorities to the Maryland State authorities who had placed a detainer against him at the Atlanta Penitentiary. In consequence of this release to the Maryland State authorities he was brought back to Maryland and imprisoned in the Maryland Penitentiary for service of the ten-year sentence imposed by Judge France (now deceased).

The main contention advanced by the petitioner in his petition for habeas corpus to this court is that he is being presently unlawfully confined by the Maryland State authorities because, it is argued, as he was only conditionally released from his federal sentence in this court he is legally still in the custody of the federal government and could not properly be taken and imprisoned by the Maryland authorities.

As the petitioner is now in the custody of the Maryland authorities under sentence by a Maryland State Court it is abundantly clear that he is not entitled to apply to this federal court for release on habeas corpus until he has exhausted his remedies in habeas corpus under the Maryland law. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L. Ed. 469. This ordinarily requires an unsuccessful attempt to obtain release on habeas corpus from a Maryland State Judge, with a further attempt by appeal to obtain such relief from the Maryland Court of Appeals or, if no such appellate proceeding is permissible, then by an application for relief by certiorari to the Supreme Court of the United States at Washington. Furthermore the petitioner has a further remedy under the Maryland Post Conviction Statute of 1958, Code Supp.1959, art. 27, § 645A et seq., under which he can apply directly to the Judge of the Criminal Court of Baltimore where the sentence he is now serving was given, with the right to further appeal, if unsuccessful there, to the Maryland Court of Appeals. As the petitioner has not exhausted these State remedies his petition for habeas corpus must necessarily be denied at this time.

In his lengthy petition he also seems to alternatively seek some relief from the federal sentence here imposed, by a vacation or modification thereof under 28 U.S.C.A. § 2255. While not very clearly stated the basis for that alternative contention seems to be that when the petitioner was arrested in Baltimore after his escape from Georgia in 1951 this court did not properly obtain jurisdiction over the person of the petitioner because the Maryland authorities should not have surrendered him to the Marshal of this court for trial and disposition of the federal charges then pending here against him. In this connection it is to be noted that this alleged objection was not then and is not now made by the Maryland authorities but only by the petitioner. It also appears that on the disposition in this court of the several charges against the defendant he was represented by competent counsel of his own selection, Mr. Robert E. Coughlan, Jr., who was also his counsel in the matter of the sentence thereafter imposed by Judge France in the Criminal Court of Baltimore immediately following the sentence in this court when, by permission of the federal authorities, the defendant was taken before Judge France for sentence there.

While I do not undertake to anticipate what may be the judgment of the Maryland authorities in the event of a proper proceeding hereafter to be brought by the petitioner under the Maryland law, I think it is sufficient now to say that I do not find in the petition here filed any basis for vacation or correction of the sentence imposed in this court.

There were five separate cases against the defendant in this court, all of which were disposed of on August 31, 1951 and sentence imposed after the defendant, represented by counsel of his own selection, had voluntarily pleaded guilty in each of the five cases. They were as follows:

Criminal No. 22190: Criminal Information in 6 counts for interstate transportation of forged securities arising in the District of Maryland. Sentence of five years' imprisonment imposed.

Criminal No. 22205: Criminal Information in one count for violation of 18 U.S.C.A. § 751; Escape from Confinement. Transferred to the District of Maryland from the Middle District of Georgia, Macon Div. Sentence of 5 years' imprisonment to run concurrent with sentence in case No. 22190.

Criminal No. 22208: Criminal Information in 4 counts charging interstate transportation of forged securities. Transferred to District of Maryland for disposition from Southern District of New York. Sentence of 5 years' imprisonment to run concurrent with sentence in case No. 22190.

Criminal No. 22212: Criminal Information in 36 counts charging interstate transportation of forged securities. Transferred to District of Maryland for disposition from the Southern District of Florida. Sentence of 5 years' imprisonment to run concurrent with sentence in case No. 22190.

Criminal No. 22204: Criminal Information in one count charging interstate transportation of forged securities. Transferred to the District of Maryland for disposition from the Middle District of Georgia, Valdosta Div. Sentence of 5 years' imprisonment to run consecutive to sentence in No. 22190.

The proceedings at the hearing in court on all these cases have been stenographically transcribed and filed. Among other things it appears therefrom that it was stated in the presence of the defendant and his counsel and in part by his counsel that it was anticipated that after the sentence here was imposed the defendant would be promptly taken before Judge France in the Criminal Court of Baltimore (just across the street from the federal court building) for disposition of the Maryland cases there pending arising from the violation of probation under the prior decision of Judge France. In his petition filed here it is stated that at the hearing mentioned in this court, counsel for the defendant stated that Judge France had promised that any sentence he imposed would be made to run *concurrently* with the sentence imposed by

this court. However, it appears from the transcript that what Mr. Coughlan said at the time was only that Judge France had promised to consider what his sentence would be for violation of probation. It does not appear that any objection was raised by the defendant or by his counsel to the temporary transfer of the petitioner from the custody of the Marshal of this court to the Maryland Court at the time sentence was there imposed.

██ Furthermore, with respect to the sentence here, so far as 28 U.S.C.A. § 2255 is concerned, it is clear that the petitioner misunderstands the principle of comity between the dual federal and state authorities with respect to the respective rights and powers of the federal and state authorities regarding separate crimes committed by the petitioner against each authority. The principle of comity here involved has been fully and clearly outlined by Chief Justice Taft, speaking for a unanimous court in the case of Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607. A short statement of this principle is that where both federal and state authorities have criminal charges against the same defendant for separate federal and state crimes alleged to have been committed by him, while he is entitled to a separate trial with due process in each tribunal and while the jurisdiction of the particular sovereignty over his person is complete and to be uninterrupted except by its voluntary waiver, nevertheless each sovereignty may, for the purpose of avoiding delay in prosecution, temporarily suspend its custody to the other. Thus, when the defendant was arrested in Baltimore by Baltimore City Detectives and F.B.I. Agents, it was entirely in accord with the principle of comity that his custody could be and was voluntarily surrendered to the federal authorities to answer the charges pending in this court. And thereafter and to avoid further delay in prosecution, the defendant could be and was properly voluntarily surrendered by the Marshal of this court temporarily to the custody of the Maryland authorities for the disposition of the Maryland charge then pending against him in the Criminal Court of Baltimore. See also to the same effect Rigor v. State, 101 Md. 465, 61 A. 631; Wing v. Stewart, D.C., 77 F.Supp. 257; Rosenthal v. Hunter, 10 Cir., 164 F.2d 949; Wall v. Hudspeth, 10 Cir., 108 F.2d 865. The case of Johnston v. Wright, 9 Cir., 137 F.2d 914 cited by petitioner, is clearly distinguishable on its particular facts.

With respect to the petitioner's contention that he could not be held by the Maryland authorities during the period of his conditional release under the federal sentence in this court, it is to be noted that 18 U.S.C.A. § 4164 provides, among other things, that: "This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody".

For these reasons the petitioner's application for the issuance of the writ of habeas corpus by this court is hereby *denied*. The Clerk is instructed to send a copy of this order and memorandum opinion to the petitioner.