**William J. SANSBURY, Appellant,**

v.

**Vernon L. PEPERSACK, Warden of the Maryland Penitentiary, Appellee.**

**No. 8017.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 4, 1960.

Decided Jan. 6, 1960.

William J. Sansbury, pro se.

James H. Norris, Jr., Sp. Asst. Atty. Gen. of Maryland (C. Ferdinand Sybert, Atty. Gen. of Maryland, and Saul A. Harris, State's Atty. for Baltimore City, Baltimore, Md., on the brief), for appellee.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and DALTON, District Judge.

PER CURIAM.

Petitioner is a prisoner of the state of Maryland, completing a sentence for violation of probation following convictions for forgery. He unsuccessfully sought a writ of habeas corpus in the United States District Court for the District of Maryland. The point he seems to have raised below and to press on this appeal is that the Maryland court which committed him had no jurisdiction over him. While on state probation he was arrested and convicted in a federal court for transporting forged securities across state lines. After serving six years of the ten year sentence imposed for the federal offense, he was released to the state authorities. The state court had revoked its probation order upon his conviction for the federal offense, and it sentenced him to serve out the previously suspended state sentence. We are not inclined to agree with the petitioner that because the federal prosecution and sentence intervened the state lost jurisdiction over him. However, we need not discuss the various reasons assigned for this contention as the petitioner has not resorted to the post-conviction procedures available to him in the Maryland courts, and until this step has been taken, there is no basis for federal habeas corpus. See Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Berman v. Swenson, 4th Cir., 1949, 177 F.2d 717; and Farley v. Skeen, 4 Cir., 1953, 208 F.2d 791.

Judge Chesnut, in the District Court, was correct in dismissing the petition on this ground. 179 F.Supp. 649.

Affirmed.