Melvin Franklin **YOUNG**, Petitioner,

v.

Dr. J. D. **HARRIS**, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondents.

Civ. A. No. 14791–4.

United States District Court
W. D. Missouri, W. D.

May 20, 1964.

---

Melvin Franklin Young, pro se.

F. Russell Millin, U. S. Atty., by Joseph P. Teasdale, Asst. U. S. Atty., Kansas City, Mo., for respondent.

BECKER, District Judge.

This is a petition for writ of *habeas corpus* filed *in forma pauperis* by a prisoner confined in the Medical Center for Federal Prisoners at Springfield, Missouri.

It appears from the papers and records on file herein that on February 7, 1961, petitioner, then serving a California State Sentence, appeared with court-appointed counsel in the United States District Court for the Southern District of California, Central Division, pursuant to a writ of *habeas corpus ad prosequendum* and entered a plea of guilty to each count of a three count indictment charging violations of Sections 1708 and 495 of Title 18 U.S.C.A. Petitioner was thereupon sentenced to a period of five years on each count to be served concurrently.

Petitioner was returned to state custody. On March 2, 1962, petitioner was released from state custody and taken into federal custody pursuant to a detainer.

The gist of petitioner's present petition is that the federal sentence began on, and should be computed from, February 7, 1961, and that upon petitioner's return to state custody, the federal authorities lost jurisdiction over him.

Petitioner's specific allegations are that:

1. "Pursuant to the specific provisions of U.S.Code Title 18, Section 3909 Annotation of 1960 when the institution of proceedings under Habeas Corpus ad Prosequendum are commenced against a defendant then in custody for a Contra Relative Jurisdiction under Judicial Causes arising pursuant to Rule 20, Federal Rules of Criminal Procedure upon a plea of guilty and other term given by secondary Jurisdiction must be cumputed [sic] to commence on that Date." [1]

2. "Judge Harry C. Westover stated I could do the State Sentence after I finished the Federal which Transcript will show." [2]

---

1. Title 18, U.S.C.A. contains no Section 3909; Rule 20 of the Federal Rules of Criminal Procedure governs transfer from a district for plea and sentence and is inapplicable to petitioner's situation.

2. The pertinent portions of the transcript of the sentencing proceedings read:

"THE COURT: That is true, but he is now serving a sentence of the State of California, and a request has been made that I make this sentence to run concurrent. I can do one of two things. I can give him a sentence and have it run consecutive, or I can give him a great big long sentence and have it run concurrent with the state sentence. He has got one to fourteen years. I don't know how many years he will serve. He probably won't serve fourteen, but he could serve fourteen.

"MR. PRIVET: That is questionable, your Honor. However, I would still request that the Court impose a sentence, if you are minded so to do, on the basis of making it concurrent

3. "I also contend that when I was turned back over to the State the Federal gave up Jurisdiction."

█ The petition, insofar as it involves the computation of petitioner's sentence, must be denied for the reason that, giving petitioner credit for all possible good time which he might earn, and assuming the correctness of his contention as to the time his sentence commenced, February 7, 1961,[3] the time for his release has not yet arrived.[4] Smith v. Settle (W.D.Mo.) 212 F.Supp. 622, l.c. 630, citing McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

█ Insofar as the petition alleges that the federal authorities lost jurisdiction over petitioner by returning him to state custody for completion of his state sentence before commencement of his federal sentence, the petition is without merit. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Barrett v. United States (C.A. 8) 270 F.2d 772, l.c. 776; United States ex rel. Moses v. Kipp (C.A. 7) 232 F.2d 147; Zahn v. Kipp (C.A. 7) 218 F.2d 898, l.c. 900; Stamphill v. United States (C.A. 10) 135 F.2d 177, l.c. 178; Sansbury v. Peppersack (D.Md.) 179 F.Supp. 649, l.c. 652, aff'd 274 F.2d 40.

It is therefore

Ordered that the petition for writ of habeas corpus on file herein, insofar as it is based on the computation of petitioner's sentence, be, and it is hereby, denied without prejudice for the reason that, even under the petitioner's theory, petitioner is not entitled to release at this time. It is further

Ordered that the petition for writ of *habeas corpus* on file herein, insofar as it is based on alleged loss of federal jurisdiction over petitioner by returning him to state custody after imposition of federal sentence, be, and it is hereby, denied on the merits.

---

with any sentence being presently served in the state penal institution.

"THE COURT: I think he would be better off if I gave him a sentence, straight sentence, rather than have it concurrent.

"MR. VAN DE KAMP: The matter of concurrency is strictly a matter of discretion with the Attorney General. The Government would suggest a straight term be given.

"THE COURT: I think he will be better off with a straight sentence because if I run it concurrently, I would give him ten or fifteen years.

"MR. PRIVET: Very well, your Honor.

"THE COURT: It is the judgment of this court you be committed to the custody of the Attorney General for the period of five years on Count 1, five years on Count 2, and five years on Count 3, to run concurrently, to be placed in some institution to be selected by the Attorney General. This sentence is to be served after you have finished the state sentence you are now serving.

"MR. VAN DE KAMP: Your Honor there is some question about that.

"THE MARSHAL: He is in federal custody.

"THE COURT: Then he can do the state sentence after he finishes the federal. This is a break for you."

3. See, however, Title 18 U.S.C.A. § 3568; Finnegan v. United States (M.D.Pa.) 223 F.Supp. 758, l. c. 760, and cases there cited, holding the rule contended for by the petitioner to be unsound.

4. Assuming, as petitioner contends, that his five year sentence commenced on February 7, 1961, his full term sentence would terminate on or about February 7, 1966. Under Title 18 U.S.C.A. § 4161, petitioner could earn a maximum good time allowance of eight days per month or approximately 480 days. Thus, with maximum good time allowance, his sentence would terminate some time in Mid-November, 1964, according to his theory.