Kenneth James TRUESDELL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19146.

United States Court of Appeals
Eighth Circuit.

Sept. 25, 1968.

Kenneth James Truesdell, pro se.

Asher E. Schroeder, U. S. Atty., and Gene R. Krekel, Asst. U. S. Atty., Sioux City, Iowa, for appellee.

Before MATTHES, GIBSON and BRIGHT, Circuit Judges.

PER CURIAM.

This is an appeal from the order of the United States District Court denying appellant's motion filed pursuant to Rule 35, F.R.Crim.P., to correct an alleged illegal sentence.

The appellant is serving concurrent sentences of fifteen years imposed on his pleas of guilty to entering two federally-insured banks—one on February 3, 1962, the other on February 23, 1962—with intent to commit larceny therein in violation of 18 U.S.C. § 2113(a). Appellant was represented by counsel and did not question the sentences at the time they were imposed.

The judgments entered on April 23, 1962, by Honorable John W. Delehant provided:

"[t]hat the execution and service of the sentence herein pronounced and imposed shall commence forthwith upon the release in any manner of the defendant, Kenneth James Truesdell from the Iowa Men's Penitentiary at Fort Madison, Iowa, under the sentence to imprisonment pronounced and imposed upon him and by the District Court of the State of Iowa, within and for the County of Cerro Gordo, on April 12, 1962, and the surrender thereupon of the defendant, Kenneth James Truesdell to the Attorney General of the United States or his authorized representative for the execution and service of the sentence herein pronounced and imposed."

Although it is not clear from the record, appellant states in his brief, with-

out contradiction, that he was released from state custody on November 21, 1964, and incarcerated that day in the federal penitentiary at Leavenworth, Kansas.

Appellant presents two theories to support his claim of illegality of the judgments of conviction: (1) that they are void for indefiniteness because of the provision above quoted; (2) that the court lacked jurisdiction to sentence him because prior to the date of the sentencing he had been delivered to Iowa state authorities in order that he could be tried in an Iowa state court on another charge. There is nothing either new or novel in these contentions.

 It is established law that a federal court may with propriety impose a sentence that shall commence forthwith on the release of the defendant from a state penal institution. Lavoie v. United States, 310 F.2d 117 (1st Cir. 1962); United States ex rel. Lombardo v. McDonnell, 153 F.2d 919 (7th Cir. 1946); Kirk v. Squier, 150 F.2d 3 (9th Cir. 1945). Cf. Hart v. United States, 259 F.2d 646 (8th Cir. 1958), cert. denied, 359 U.S. 918, 79 S.Ct. 595, 3 L.Ed.2d 579 (1959). Such a sentence is sufficiently clear, certain and definite to satisfy the holding of the Supreme Court in United States v. Daugherty, 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309 (1926), that:

> "[s]entences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded."

Appellant's claim that the district court lost jurisdiction because he had been surrendered in obedience to a writ of habeas corpus ad prosequendum to the Iowa authorities for prosecution of another charge in a state court is lacking in substance and must be rejected. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922); Williams v. Taylor, 327 F.2d 322 (10th

Cir.), cert. denied, 377 U.S. 1002, 84 S. Ct. 1937, 12 L.Ed.2d 1051 (1964); Young v. Harris, 229 F.Supp. 922, 924 (W.D. Mo.1964).

We have examined with care appellant's authorities and find them inapposite. There is no basis for declaring the sentences illegal, and consequently the order denying appellant relief is affirmed.