# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## HALL v. THE COMMONWEALTH.

### March 13th, 1884.

### Absent, *Lewis*, P.

1. CRIMINAL PROCEEDINGS—*Prisoner dischargeable—Case at bar.*—H was examined before a justice for felony May 9th, 1883, and remanded for trial in hustings court of D. That court held terms May 10th and June 4th, 1883, at both which grand juries were empaneled. But H was indicted for said felony not until October, 1883. Failure to indict did not arise from any of the causes stated in § 13, ch. 16, Criminal Procedure of 1878. To the indictment, H filed a special plea in bar, which was rejected. On error—

HELD:

    The plea is good, and H is entitled to be discharged from imprisonment.

2. IDEM—*Felonious intent—Case at bar.*—H, in a drunken spree, unhitched and mounted a horse in the presence of its owner and of the warehouse man, and of a number of factory hands, in the daytime, in the warehouse yard, where the horse was hitched, claimed the horse as his own, and attempted to ride it out of the lot homeward. He was arrested, remanded to jail, indicted, tried, and found guilty of the larceny of the horse. He moved for a new trial, which was denied. On error—

HELD :

    The facts do not evince felonious intent, and warrant the verdict.

Error to judgment of corporation court of Danville, rendered October 13th, 1883, on an indictment against Robert Hall, for the larceny of a horse, and sentencing him to three years' imprisonment in the penitentiary. To this judgment Hall obtained a writ of error and *supersedeas*.

Opinion states the case.

*T. N. Page*, for the prisoner.

*Attorney-General F. S. Blair*, for the Commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

The prisoner, Robert Hall, was indicted, tried and convicted upon the charge of horse stealing.

The record shows the following certificate of facts proved upon the trial: On the 9th day of May, 1883, the horse of P. B. Gravely, a well-known tobacconist, was tied in the open lot to the rear of the " Cabell Warehouse," Danville, Va. Robert Hall, the defendant, who was very much addicted to liquor, had driven the wagon of David Hardy to Danville, a distance of eighteen miles, with a load of tobacco, which had been sold on the said 9th of May, at the said Cabell Warehouse. About 1:30 o'clock P. M., on the said 9th of May, the defendant, Robert Hall, started to drive the wagon of the said Hardy back home, but was so much under the influence of liquor that he could not drive, and Mr. Hardy took the reins and drove the wagon home himself. Hall, the defendant, attempted to follow the wagon on foot, but after he had gone about three-quarters of a mile from the town of Danville, stopped under the shade of a tree. About sunset, before the employees, numbering about thirty, had left the warehouse, and a good number of factory hands were washing themselves at the trough in the said yard of the said warehouse, the defendant, Robert Hall, came in and told Willie Flippen that he was going home. He told the said Flippen that he had been on the grand jury for two weeks. There had been no grand jury in session at that time ; and Flippen testified that he was drunk, from his talk and because he staggered. Hall is then seen on the horse of P. B. Gravely, which had been tied, as we have seen aforesaid, and rode towards the

entrance in the rear of the lot.    There were wagons coming in, and he did not go out, but turned round and started to ride through the warehouse along the whole length of the wagon way.    All of this was seen by Gravely, the owner of the horse, and E. F. Acree, one of the proprietors of the said warehouse, who were talking together at the rear entrance of the same.    There were about thirty employees in the house at this time.    The defendant, Hall, was stopped near the entrance by P. B. Gravely, who asked him what he was going to do with that horse.    Hall said he was going to ride him home.    Gravely then asked if he knew whose horse it was.    He said that it was his horse, and he would be damned if he got down.    Gravely threatened to knock him off if he did not get down.    Hall then got down and started towards the door in a fast walk.    Acree walked after him, and stopped him while a police officer was summoned.    The defendant said nothing when he was arrested.

Willie Flippen, a negro man, who was a witness for the Commonwealth, testified that he knew the defendant, Robert Hall, in his own neighborhood, and never heard any harm of him, except that he would sometimes get drunk.

David Hardy, a witness for the defendant, testified that the prisoner (Hall) worked with him, and had come to him well recommended; he had never heard any harm of Hall except that he was fond of liquor.    Upon the trial the defendant (Hall) filed a special plea in bar, that the indictment was not found or filed against him before the end of the second term of the court, at which he has been held in jail to answer the said criminal charge; that on the 9th day of May, 1883, he was examined before R. E. Lee, at that time a magistrate of the town of Danville, for the supposed felony in the indictment mentioned, and was, on the said 9th of May, remanded for trial in the hustings court for the town of Danville; that the said hustings court was in session, and a grand jury was empaneled at this date;

that the said term of the court had been in session from
Monday, the 7th day of May, 1883, and continued up to the
15th of the said month; that the next term of the said
hustings court of the said town, at which a grand jury was
empaneled, was commenced on the 4th day of June, 1883,
and continued its session until the 4th of the said month,
when it again adjourned; that he, the defendant, was not
indicted at either of the said terms of May or June, 1883,
at both of which there were grand juries empaneled;
that the said failure to indict the defendant did not arise
from the fact that material witnesses for the Common-
wealth had been enticed or kept away, or prevented from
attendance by sickness or inevitable accident, nor from in-
sanity or any of the causes stated in the statute.   To this
plea the Commonwealth demurred; and, upon joinder of
demurrer, the court sustained the demurrer, and rejected
the said plea.

We think the court erred in rejecting the plea and in sus-
taining the demurrer.   The facts set forth in the plea
are admitted by the demurrer, and are fully proved by
the evidence in the cause.   The plea was filed under the
13th section, chapter 16, of the Criminal Code, and ought
to have been allowed by the court and submitted to the
jury.   The prisoner having been shown by his plea to have
been confined in jail on the criminal charge set forth in
the indictment, which was found on the —— day of Octo-
ber, 1883, since the 9th day of May, 1883, for two terms of
the said court, at which grand juries were empaneled,
without indictment, there being no excuse for said failure
to indict, the prisoner was entitled to his discharge.

But, upon the merits as disclosed by the certificate of
facts in the record, the verdict of the jury was plainly
wrong, and against the evidence, which plainly and unde-
niably shows that the horse had been gotten on a drunken

spree, and without felonious intent, in the presence of the owner of the horse and of the owner of the warehouse, and of a good number of the factory hands who were washing themselves at the trough in the yard before sunset. The verdict of the jury and the judgment of the hustings court of Danville complained of are erroneous, and must be reversed and annulled, and the plaintiff in error discharged from custody.

JUDGMENT REVERSED.