# CHARLESTON.

*Ex Parte:* Elmer Blankenship.

Submitted March 21, 1923.    Decided March 22, 1923.

Habeas Corpus—*One Not Indicted on Charge for Which Held,
   Before End of Second Term, Discharged, Unless Witnesses
   Kept Away or Attendance Unavoidably Prevented.*

   A person who has been committed to jail on a criminal
offense, to answer an indictment which may be returned
against him by the court, to which he is held, will be dis-
charged by writ of *habeas corpus* from further imprisonment
on that charge, if he be not indicted before the end of the
second term of court, unless it appear that material witnesses
for the state have been enticed or kept away, or are pre-
vented from attendance by sickness or inevitable accident.

*Petitioner discharged.*

*H. W. Houston, C. J. Van Fleet,* and *T. C. Townsend,* for
petitioner.
   *A. M. Belcher* and *Chafin & Estep,* for respondents.

Lively, Judge:

   Elmer Blankenship avers that he is illegally restrained of
his liberty, and against his will, by the sheriff and jailer of
Logan county.  He applied for a writ of *habeas corpus,* and
in his petition therefor sets out the following facts under oath:
   On May 23, 1922, he was arraigned and placed in the jail
of Logan county on a charge of having murdered John Gore,
John Caffago or James Munsey; that he continued in said
jail upon said charge until the January term of said court,
when he was indicted for the alleged murder of John Gore,
and on the 11th day of that month he was admitted to bail
and entered into a proper recognizance for the amount re-
quired and was thereupon released from custody; that on
February 24, 1923, while returning to his home from Berke-
ley Springs, where he had been in attendance upon the cir-
cuit court of Morgan county, as a witness in a criminal prose-
cution, he was again arrested by deputy sheriffs of Logan

county, and on the 27th of that month arraigned before a justice of the peace of Logan county, being charged with the murder of John Caffago and James Munsey, whereupon he waived examination and was held over to answer an indictment therefor, which might be preferred against him at the next grand jury; that he immediately applied to the judge of that circuit for bail, which was refused. That he had been continuously detained in jail either in Logan or Jefferson county from the 23rd day of May, 1922, until the month of January, 1923, upon the same charge for which he is now detained and imprisoned and that during that time had applied for bail, which had been refused; that since he was arrested on May 23, 1922, two full grand jury terms of the circuit court of Logan county had been held, one in the month of July, and the other in the month of October, 1922, and that no indictment had been found against him on the charge for which he was held.

There are other allegations in his petition to the effect that the warrant on which he was held when he was arraigned on February 27, 1923, was without authority of law; and that there was no probable cause for his commitment thereunder to answer an indictment; and that the proceedings against him were prosecuted because of spite or ill feeling on the part of certain officials. These last mentioned allegations are not necessary to be considered upon this application.

The return to the writ avers that petitioner is not confined in the jail of Logan county without lawful authority, and says that he was, on the —— day of February, 1923, duly arrested for the murder of James Munsey and John Caffago, which murder occurred in Logan county on the 31st day of August, 1921, and later taken before G. F. Gore, a justice of the peace of that county, duly arraigned, and upon waiving a preliminary examination was committed to jail to await the action of the grand jury to be called for the April term of the circuit court, and that he afterwards applied to the circuit court to be admitted to bail, which, upon the hearing, was refused. The return does not deny that Blankenship was held in jail from May 23, 1922, until January, 1923, upon the same charge under which he is now held; neither

does it deny that two regular terms of the circuit court of that county at which grand juries were empaneled, were not held between those dates, nor that failure to indict Blankenship on the charge for which he was held was occasioned by material witnesses for the state having been enticed or kept away from the grand jury or prevented from attendance thereon by sickness or inevitable accident.

It will be observed that Blankenship says he was arrest on May 23, 1922, being charged with the murder of John Go· John Caffago or James Munsey, but he also expressly say· that he has been continuously held in jail either in Logan or Jefferson county upon the same charge for which he is now detained and imprisoned, from May 23, 1922, up to and including the 30th day of January, 1923. This material and vital allegation is not denied by the return, and, therefore, must be considered as true. Is Blankenship, because of this fact, entitled to be released from imprisonment? Our statute, sec. 12, chap. 158, Code, says so. It reads: "A person in jail, on a criminal charge, shall be discharged from imprisonment if he be not indicted before the end of the second term of the court to which he is held to answer, unless it appear to the court that material witnesses for the state have been enticed or kept away, or are prevented from attendance by sickness or inevitable accident. * * * " Failure to indict within two terms after he has been held releases him from imprisonment. Of course that does not discharge him from prosecution. That is another question. He may be indicted later, and is now being held under bond to answer an indictment for the ·murder of John Gore. Of course he cannot be relieved of his bond to answer that indictment. He is only seeking to be released from imprisonment for the charge which has been preferred against him in the new warrant, and under which he is now held; and we think, under the facts here alleged and not denied and under the plain provisions of the statute above quoted, he is entitled to release from his present imprisonment. *Hall* v. *Commonwealth,* 78 Va. 678.

*Prisoner discharged.*