JOHNSON v. SANFORD, Warden.
No. 1542.

District Court, N. D. Georgia, Atlanta Division.

Jan. 8, 1940.

Charles W. Johnson, in pro. per.

Lawrence S. Camp, U. S. Atty., Harvey H. Tysinger and Jas. T. Manning, Asst. U. S. Attys. all of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner plead guilty to an indictment in two counts, the first charging that petitioner forged "upon the back of said check and obligation of the United States, a certain material endorsement and signature, to-wit; the name of Charles G. Barnhill, whereby the said Charles William Johnson, in the manner and form aforesaid, did forge an obligation of the United States, in violation of Section 148 of the Criminal Code of the United States [18 U.S.C.A. § 262]." The second count charged the uttering and passing of the check so endorsed "in violation of Section 151 of the Criminal Code of the United States [18 U.S.C.A. § 265]." A general sentence on the two counts of twelve years was imposed by the Court.

Petitioner contends that the indictment was invalid, and consequently the sentence imposed thereon void, because it did not charge a Federal offense. The defect claimed consisted of the fact that neither the check nor the endorsement of the payee was forged and that the only signature on the check complained of was that of petitioner, which was his genuine signature in a name that, though an alias, he had used for two years.

The evidence showed that the check in question was a genuine obligation of the United States and that the payee's name, Mrs. Cass P. Barnhill, was endorsed thereon by her authority by one of her sons. She afterwards gave the check to a boy named John Beasley to get cashed for her as he had done before.

Possession of the check was obtained by petitioner from Beasley wrongfully and by force, as claimed by Beasley, though petitioner denies this. At any rate, petitioner took the check to a bank to get it cashed. The bank refused to cash it, though properly endorsed, without the iden-

tification and endorsement of petitioner, who falsely represented himself to be Charles G. Barnhill and a son of Mrs. Barnhill.

Subsequently, petitioner took a young lady, who was an employee in a restaurant located below a room in which petitioner had lived for two years, to the bank to identify him. She testified that she knew him only as "Charlie", but, being informed by him, at the time he requested her to identify him, that his name was "Charles G. Barnhill," and believing this to be true, she went with him to the bank and identified him by that name and endorsed the check under the signature "Charles G. Barnhill" placed thereon by petitioner. Petitioner was then paid the proceeds of the check and converted them to his own use.

The question presented is whether the signing of the name of Charles G. Barnhill, in the circumstances described, was forgery and a violation of a Federal statute, regardless of whether the statute was identified by reference to the proper Code section.

If there is a statute making the acts charged in the indictment a Federal offense, the mere fact that the indictment referred to a section of the Code which was not applicable to the offense charged, is not a ground for discharging the offender on a writ of habeas corpus. If the endorsement by petitioner of the name "Charles G. Barnhill" on the check in the circumstances disclosed in this case was forgery, then a Federal offense was committed as charged in the indictment and petitioner is not entitled to discharge on writ of habeas corpus. 18 U.S.C.A. § 73; Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Aderhold v. Hugart, 5 Cir., 67 F.2d 247; Reese v. White, 8 Cir., 25 F.2d 65.

The check and the endorsement of the payee were genuine, and, had the bank, in reliance thereon, honored the check without requiring further endorsement and had paid the proceeds to petitioner, he would not have been guilty of the offense charged in the indictment, even though he, by such acts, might have violated some other criminal law.

But this was not the case. The bank refused to cash the check without his endorsement. His endorsement became a

material and necessary act and part of the check before payment could be had. The situation was the same as if Mrs. Barnhill's endorsement, instead of being in blank, had expressly provided that the check be payable to the order of Charles G. Barnhill. So that, if petitioner's act in endorsing the name "Charles G. Barnhill" on the check was a forgery, it was a violation of § 29 of the Criminal Code, 18 U.S.C.A. § 73.

Petitioner's real name was not Charles G. Barnhill, though he claims he was using it as an alias, and he was not a son of Mrs. Barnhill as he represented himself to be at the bank. He procured the check unlawfully and signed the name of Charles G. Barnhill for the purpose of getting money he knew he was not entitled to and to defraud the bank and the United States. This constituted forgery and a violation of § 29 of the Criminal Code, 18 U.S.C.A. § 73, if not of the statutes mentioned in the indictment. United States v. Goldsmith, 2 Cir., 68 F.2d 5; United States v. Long, C.C., 30 F. 678.

Petitioner was sentenced to a term of twelve years. The maximum sentence permitted under each statute referred to in the indictment, Sections 148 and 151 of the Criminal Code, 18 U.S.C.A. §§ 262, 265, is fifteen years, while the maximum sentence authorized under Section 29 of the Criminal Code, 18 U.S.C.A. § 73, is ten years. However, since a general sentence of twelve years was imposed on both counts, it may still be deemed within the maximum sentence provided in Section 29 of the Criminal Code. But whether this be true or not, an application for discharge under writ of habeas corpus on this ground would be premature until after the maximum period of ten years had been served.

As to the other grounds of the application for the writ of habeas corpus, the evidence clearly shows that the plea of guilty entered by petitioner was voluntary and uncoerced and that there was an intelligent and competent waiver of assistance of counsel. Erwin v. Sanford, D.C., 27 F.Supp. 892. The record and the evidence showed that all other grounds are without merit.

Wherefore, it is considered, ordered and adjudged that the said writ of habeas corpus be, and hereby is, discharged and petitioner remanded to the custody of respondent.