But we do not need to settle this dispute, because in any event there appears to have been an excusable mistake and the referee exercised a sound discretion in vacating his original order.

██ Appellant asserts vigorously that such action is erroneous in the absence of a showing of facts from which a valid defense may be inferred. Such a showing or its equivalent will usually be required by a court, since it will not wish to do a vain thing and prolong proceedings where there is no real issue. The Amaranth, 2 Cir., 68 F.2d 893, 895. But discretion to avert injustice because of mistake or inadvertence of counsel should not be confined, and by the rule cited is not confined, by arbitrary limitations. Here the bankrupt had not had her day in court on the most vital matter to her of the whole bankruptcy proceedings. The referee was justified in taking the direct course of according her a hearing upon a showing of the mischance which had led to her prejudice and without a trial heat to see if he should act.

Affirmed.

Charles W. Johnson, of Atlanta, Ga., in pro. per.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger, James T. Manning, and J. Ellis Mundy, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment denying a writ of habeas corpus to release a prisoner from the Atlanta penitentiary. It appears from the record that appellant was given every opportunity to present his case fully before the District Court. The District Judge carefully considered the facts and the law applicable thereto.

The record presents no reversible error. The judgment is affirmed.

**JOHNSON v. SANFORD, Warden.**

No. 9442.

Circuit Court of Appeals, Fifth Circuit.

June 20, 1940.

**WOODS et al. v. DECK.**

No. 9366.

Circuit Court of Appeals, Ninth Circuit.

June 7, 1940.

Rehearing Denied Aug. 26, 1940.

