**YOUNG v. SANFORD, Warden.**

**No. 11249.**

**Circuit Court of Appeals, Fifth Circuit.**

**March 9, 1945.**

Louis David Young, in pro. per., for appellant.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellant, in habeas corpus proceedings, challenged the validity of his confinement. The court below discharged the writ and remanded him to the custody of the warden.

For these reasons, we think the order of the court was correct: The grounds for relief set forth in the petition related, with a single exception, to alleged irregularities and improprieties in the arrest and treatment of appellant prior to his trial, and in the procurement of evidence to be used against him. It is settled that such matters must be urged by way of defense upon the trial and by appeal; they do not constitute grounds for release by habeas corpus.[1] The single jurisdictional ground is that appellant was denied counsel for his defense. The court below found as a fact that appellant was advised of his right to counsel when his case was called for trial, and that he expressly made an intelligent waiver of that right before entering the plea of guilty upon which sentence was imposed. This finding, being supported by the record, settles the matter.[2]

Affirmed.

[1] Harkrader v. Wadley, 172 U.S. 148, 19 S.Ct. 119, 43 L.Ed. 399; Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969; Vermillion v. Zerbst, 5 Cir., 97 F.2d 347; Price v. Johnston, 9 Cir., 125 F.2d 806; Scott v. Aderhold, 10 Cir., 116 F.2d 797; Graham v. Squier, 9 Cir., 132 F.2d 881; Burall v. Johnson, 9 Cir., 134 F.2d 614.

[2] Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Adams v. United States ex rel. McCann, 317 U. S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435; Adkins v. Sanford, 5 Cir., 120 F.2d 471; Johnson v. Sanford, D.C., 30 F.Supp. 716, 5 Cir., 112 F.2d 739.