UNITED STATES of America ex rel.
James T. LAWSON, alias Truhart
Lawson, Petitioner,

v.

Orel J. SKEEN, Warden, I. M. Coiner,
Acting Warden, West Virginia State
Penitentiary, Respondent.

Civ. A. 750–W.

United States District Court
N. D. West Virginia,
Wheeling Division.

Nov. 14, 1956.

John G. Fox, Atty. Gen., Robert E. Magnuson, Asst. Atty. Gen., for respondent.

BOREMAN, District Judge.

Petitioner was indicted, tried and convicted in the Intermediate Court of Kanawha County, West Virginia, for attempted armed robbery and sentenced to life imprisonment. He is presently confined in the West Virginia State Penitentiary at Moundsville. He now seeks a writ of habeas corpus ad subjiciendum alleging, in substance, the following grounds:

(1) That in the course of petitioner's trial, the Court committed error in the admission and exclusion of certain evidence, and in refusing to give to the jury certain instructions offered by the defendant petitioner;

(2) That petitioner was unlawfully arrested without a warrant;

(3) That petitioner, subsequent to his arrest, was unlawfully confined for six days without being formally charged, and for over two months without a preliminary examination or arraignment; and

(4) That the Trial Court failed and refused to issue compulsory process for summoning witnesses in his behalf.

The respondent has made answer to the petition averring that petitioner is legally confined in said penitentiary pursuant to the judgment rendered by a court of competent jurisdiction, that the judgment is valid on its face, and that a valid commitment has been issued under said judgment.

Thus arise these questions—has petitioner shown any basis upon which a hearing should be granted, or should his petition be dismissed as a matter of law?

The petitioner has petitioned the Supreme Court of Appeals of West Virginia for a writ of habeas corpus, which petition was denied, and the Supreme Court of the United States has denied his petition for a writ of certiorari. This Court will consider the grounds assigned by petitioner in support of his petition.

(1) The action of the Trial Court in admitting and excluding certain evidence, and in refusing to give certain instructions, if improper at all, was at most mere error committed in the course of the trial and did not deny petitioner due process of law. Such alleged errors cannot now be raised in a petition for a writ of habeas corpus. It is well settled that mere errors or irregularities in the trial cannot be inquired into in this proceeding, and that habeas corpus proceedings cannot be substituted for writ of error or other appellate process.

Dye v. Skeen, 1950, 135 W.Va. 90, 62 S.E.2d 681, 24 A.L.R.2d 1234; State ex rel. Hall v. Skeen, 1952, 136 W.Va. 805, 68 S.E.2d 683; State ex rel. Lovejoy v. Skeen, 1953, 138 W.Va. 901, 78 S.E.2d 456; State ex rel. Medley v. Skeen, 1953, 138 W.Va. 409, 76 S.E.2d 146; State ex rel. Vascovich v. Skeen, 1953, 138 W.Va. 417, 76 S.E.2d 283; Peer v. Skeen, D.C.N.D.W.Va.1952, 108 F.Supp. 921; Cannon v. Skeen, D.C.N.D.W.Va.1954, 126 F. Supp. 114; United States ex rel. Clark v. Skeen, D.C.N.D.W.Va.1954, 126 F. Supp. 24.

(2) Petitioner alleges that he was arrested without a warrant, but this

fact alone does not necessarily mean that the arrest was illegal. There are, of course, circumstances under which an officer may lawfully arrest a person without a warrant. There would need to be a further determination of facts in order to ascertain whether such circumstances existed at the time of the arrest. Be that as it may, and even though the circumstances would not justify his arrest without a warrant, it is now too late to complain. It is apparently the general rule that a prisoner will not be discharged on writ of habeas corpus for defects in the original arrest or commitment, if sufficient ground for his detention now exists, and an indictment returned by a grand jury is deemed such a sufficient ground.

Stallings v. Splain, 1920, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940; Hall v. Johnston, 9 Cir., 1936, 86 F.2d 820; Price v. Johnston, 9 Cir., 1944, 144 F.2d 260, certiorari denied 1944, 323 U.S. 789, 65 S. Ct. 312, 89 L.Ed. 629; Council v. Clemmer, 1949, 85 U.S.App.D.C. 74, 177 F.2d 22, certiorari denied 1949, 338 U.S. 880, 70 S.Ct. 150, 94 L.Ed. 540; 39 C.J.S., Habeas Corpus, § 27(b).

Here the petitioner has not only been indicted by a grand jury, but he has been tried, convicted, sentenced and committed. Under these circumstances, it is certainly too late to now complain of defects or improprieties in the original arrest The holding in Young v. Sanford, 5 Cir., 1945, 147 F.2d 1007, certiorari denied 325 U.S. 886, 65 S.Ct. 1567, 89 L.Ed. 2001, is especially applicable to the present case in view of the charges made by petitioner. There the Court held in Syllabus 1:

"Alleged irregularities and improprieties in arrest and treatment of accused prior to trial and in procurement of evidence against him must be urged by way of defense on trial and by appeal, and do not constitute grounds for release by habeas corpus."

 (3) Ground number 3 assigned by the petitioner is also apparently without merit. The authorities cited under (2) above are equally applicable here with reference to petitioner's confinement prior to indictment and trial and lack of preliminary examination or formal arraignment. The authorities are clear that a defendant in a felony case who has been convicted and sentenced by a court of competent jurisdiction may not then raise the objection on habeas corpus that there was no preliminary examination. State v. Stewart, 1874, 7 W.Va. 731; Lovejoy v. Skeen, supra; 25 Am.Jur., Habeas Corpus, § 35.

Such right to a preliminary examination is not a common law right and may be waived by the accused, and is waived by him when he pleads to an indictment subsequently returned against him. State ex rel. Lovejoy v. Skeen, supra. It is true that where there is unlawful delay in holding a preliminary hearing, habeas corpus will lie to enforce such right. Ex parte Blankenship, 93 W.Va. 408, 116 S. E. 751. Application for the writ, however, must be timely made, while the unlawful delay continues to exist, else it comes too late. As stated in 39 C.J.S., Habeas Corpus, § 29, o and cases cited therein,

"The remedy for illegal confinement by reason of erroneous postponements lies at the time of such postponements, however, and not after the delay has terminated; and after the prisoner has been tried, convicted, and sentenced, the remedy for error in denying a discharge on the ground of unlawful delay is by appeal, writ of error, or other revisory remedy and not by habeas corpus."

 (4) Petitioner asserts that "the Trial Court failed and refused to issue compulsory summons to persons called by Defense, (Appellant), as Defense Witnesses. The record will show that Counsel for Defense issued a witness summons list to the Court but the Trial Court failed to take the necessary action to locate and compel the witnesses called by the Defense, (Appellant), to appear in court. Therefore, the Defendant, (Appellant), was denied the Due Process of law and constitutional provisions of the

State and Federal constitutions in that respect."

While petitioner filed with his petition certain portions of the record of his trial in the Intermediate Court of Kanawha County, West Virginia, such as a copy of the indictment and certain orders of the Court, he does not supply any record to indicate the issuance of the "witness summons list" or the failure and refusal of the Court to issue summons. The charge of the petitioner in this connection would seem to be almost unintelligible. Does he mean that the Trial Court actually refused his request for such process, or does he mean that the Court issued such process and then failed to take further steps to compel the appearance of witnesses after they had been served with summons? Portions of the record of the Trial Court filed with the petition show that the petitioner was represented by counsel. In the case of Bozel v. Hudspeth, 10 Cir., 1942, 126 F.2d 585, at page 588, the Court said:

"Finally, the petitioner says he was denied the right to have compulsory process of witnesses in his behalf. * * * Moreover, the petitioner was represented by counsel of his own choice and such defects or errors in the trial of the case are ordinarily the proper subject of review by appeal or writ of error and the remedy afforded by habeas corpus will not be extended to correct such errors in the precise circumstances."

Moreover, it appears to be the general rule that where the highest court of the state has pronounced a decision on the merits of a case, denying a writ of habeas corpus, and the Supreme Court of the United States has denied a writ of certiorari, a Federal District Court may properly decline, without rehearing the facts, to award a writ of habeas corpus to a state prisoner in the absence of unusual circumstances.

Stonebreaker v. Smyth, 4 Cir., 1947, 163 F.2d 498; Goodman v. Swenson, 4 Cir., 1949, 173 F.2d 349; Goodwin v. Smyth, 4 Cir., 1950, 181 F.2d 498, and

cases cited therein; Harrison v. Skeen, 4 Cir., 1955, 226 F.2d 217; Farmer v. Skeen, D.C.N.D.W.Va.1954, 125 F.Supp. 549, appeal dismissed 4 Cir., 1955, 222 F. 2d 948, certiorari denied 1955, 350 U.S. 864, 76 S.Ct. 108; United States ex rel. Clark v. Skeen, D.C.N.D.W.Va.1954, 126 F.Supp. 24, appeal dismissed Clark v. Skeen, 4 Cir., 1955, 222 F.2d 423.

In the present case, there are no new or unusual circumstances which would impel this Court to depart from the general rule. Petitioner presents here the very same petition with the very same arguments, asserting the same grounds, which he presented to the Supreme Court of Appeals of West Virginia. Therefore, it appears that this case falls squarely within the general rule above stated and this Court may properly decline to award the writ.

The application for the writ is denied and the petition will be dismissed as a matter of law without a hearing. Order entered accordingly.