

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

June 29, 1966

Honorable Carol S. Vance        Opinion No. C-717
District Attorney
Harris County                   Re:  Waiver and termination of
Houston, Texas                       right to an examining
                                     trial.

Dear Mr. Vance:

In an opinion request to this office you pose the following questions:

> "1.  After warning of Defendant in
> compliance with Article 15.17, C.C.P.,
> does Defendant's failure to request an
> examining trial prior to his indictment
> waive his right thereto?

> "2.  Does Defendant's indictment,
> after examining trial has been set and
> before same has been held, terminate
> his right to examining trial?"

Article 15.17, Vernon's Code of Criminal Procedure, provides, in part, as follows:

> ". . . The magistrate shall inform
> the person arrested . . . of his right
> to have an examining trial."

Article 16.01, Vernon's Code of Criminal Procedure, which provides for examining trials, reads as follows:

> "When the accused has been brought
> before a magistrate for an examining
> trial that officer shall proceed to ex-
> amine into the truth of the accusation
> made, allowing the accused, however,
> sufficient time to procure counsel.  In
> a proper case, the magistrate may ap-
> point counsel to represent an accused in
> such examining trial only, to be compen-
> sated as otherwise provided in this Code.
> The accused in any felony case shall have
> the right to an examining trial before

-3458-

indictment in the county having juris-
diction of the offense, whether he be in
custody or on bail, at which time the
magistrate at the hearing shall deter-
mine the amount or sufficiency of bail,
if a bailable case."

The above quoted Article clearly provides that a
defendant in a felony case shall have the right to an ex-
amining trial before being indicted. However, Article 1.14,
Vernon's Code of Criminal Procedure, provides, in part, as
follows:

"The defendant in a criminal prose-
cution for any offense may waive any
rights secured him by law except the
right of trial by jury in a capital
felony case in which the State has made
known in open court in writing at least
15 days prior to trial that it will seek
the death penalty. . . ."

In view of Article 1.14, it is the opinion of this
office that a defendant may affirmatively waive his right to
an examining trial. Moreover, after a defendant has been in-
formed of his right to have an examining trial in compliance
with Article 15.17, his failure to request an examining trial,
prior to his indictment would constitute a waiver of his
right thereto; or to state the proposition another way, the
failure of the defendant to request an examining trial prior
to his indictment, terminates the right to such a hearing.

Article 16.01 would appear to make it mandatory that
the examining trial be held before a valid indictment could
be returned against the defendant. Prior to the enactment
of the new Code of Criminal Procedure, there was no require-
ment that an accused person in a felony case should have the
right to an examining trial before indictment could be re-
turned. Singleton v. State, 346 S.W.2d 328 (Tex.Crim. 1961,
cert.den. 82 S.Ct. 118). It is the opinion of this office
that even in view of the new Code of Criminal Procedure, this
rule is still applicable and the return of an indictment can
still cut off an examining trial already set. This result
is in conformity with the Federal rules. Rule 5(b), Federal
Rules of Civil Procedure, provides, in part, as follows:

"(b)  Statement by the Commissioner.
The Commissioner shall inform the de-

fendant of the complaint against him, of
his right to retain counsel and of his
right to have a preliminary examination.
. . ."

It will be noted that Rule 5(b) of the Federal Rules
is very similar to Article 16.01. Under Federal Rule 5(b),
indictment by the grand jury without a preliminary trial is
not a violation of due process. United States v. Smith,
343 F.2d 847, 850 (6th Cir. 1965, cert.den. 86 S.Ct. 55).
This right is waived by an accused when he pleads to an in-
dictment subsequently returned against him. United States
ex rel. Lawson v. Skeen, 145 F.Supp. 776 (N.D. W.Va. 1956).
Even the fact that a waiver of preliminary hearing resulted
from a misunderstanding appears to have been cured by the
accused's subsequent indictment by the grand jury. Vincent
v. United States, 337 F.2d 891, (8th Cir. 1964, cert.den.
85 S.Ct. 1363).

In the Vincent case, the Court stated at page 896:

"The purpose of a preliminary hearing
is to determine whether or not there is
probable cause to believe that the defen-
dant has committed an offense. . . . The
grand jury by the return of the indict-
ment resolved this question and thereby
eliminated the necessity for a preliminary
hearing before the U. S. Commissioner.
(Cases Cited)."

In view of the similarity of the Federal rule with
that of the new Code with regard to rights to examining
trials, we see no reason to depart from the reasoning of
the Federal cases set out above. We are of the opinion,
therefore, that if a defendant is indicted after an examin-
ing trial has been set and before same has been held, his
right to said examining trial is terminated.

We wish to point out that Article 16.01 provides for
an examining trial even though the defendant may already be
on bail. Additionally, the accused, under the new Code of
Criminal Procedure, has full discovery rights as to deposi-
tions under Article 39.02, Vernon's Code of Criminal Proce-
dure, without recourse to a preliminary hearing, and there-
fore, the accused is not deprived of the right to discovery
by not being afforded an examining trial.

## S U M M A R Y

A defendant's failure to request an examining trial prior to his indictment, after being informed of such right in accordance with Article 15.17, V.C.C.P., constitutes a waiver of his right thereto. A defendant's indictment, after examining trial has been set and before same has been held, terminates his right to said examining trial.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

ALLO B. CROW, JR.
Assistant Attorney General

ABC:JR/dt

APPROVED

OPINION COMMITTEE:

W. O. Shultz, Chairman
Bob Flowers
Lonny Zwiener
Robert E. Owen
Phillip Crawford

APPROVED FOR THE ATTORNEY GENERAL
By  T. B. Wright