# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

August 29, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0935** (Greenbrier County 12-F-150)

**David Clayton White,**
**Defendant Below, Petitioner**


## MEMORANDUM DECISION

Petitioner David Clayton White, appearing by counsel Douglas H. Arbuckle, appeals the August 14, 2013, order of the Circuit Court of Greenbrier County that sentenced him to forty-five to eighty-nine years in prison with a life recidivist enhancement, all sentences to run consecutively. The State of West Virginia, by counsel Christopher S. Dodrill, filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standards of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On December 19, 2011, petitioner was arrested for charges relating to the burning of eight cars, including two police vehicles, and part of a building located at the West Virginia State Police detachment in Rainelle, West Virginia, on December 15, 2011. Petitioner remained incarcerated prior to trial as he could not post bond. On August 28, 2012, the circuit court held a hearing on petitioner's motion regarding petitioner's incarceration absent an indictment in violation of the two-term rule. The two-term rule is embodied in West Virginia Code § 62-2-12, which provides in pertinent part: "[a] person in jail, on a criminal charge, shall be discharged from imprisonment if he be not indicted before the end of the second term of the court, at which he is held to answer[.]" The circuit court held the matter in abeyance to allow the State more time to properly address the issue.

On September 20, 2012, petitioner was indicted by the Greenbrier County Grand Jury on twenty-one counts—one count of arson in the second degree, one count of conspiracy to commit arson in the second degree, eight counts of arson in the third degree, one count of conspiracy to commit arson in the third degree, nine counts of intimidation and retaliation against public officers or employees, and one count of conspiracy to commit intimidation and retaliation against public officers or employees—based upon the December 15, 2011, incident. Petitioner was arraigned on September 28, 2012. At the arraignment, the circuit court set petitioner's trial for

January 17, 2013, during the next term of court. The trial was then rescheduled at a pre-trial hearing for Wednesday, January 30, 2013. On that date, the parties picked a jury, gave opening statements, and the State presented several witnesses in its case-in-chief. However, due to inclement weather, the circuit court postponed the second day of trial until Tuesday, February 5, 2013. On the second day of trial, the State concluded its case-in-chief, and petitioner presented several witnesses and testified on his own behalf. That same day, the jury returned a verdict of guilty on all twenty-one counts of the indictment.

On February 22, 2013, the State filed a recidivist information against petitioner seeking life imprisonment pursuant to the West Virginia habitual offender statutes, West Virginia Code § 61-11-18 and -19. A one-day jury trial commenced on the recidivist information on May 29, 2013, and the jury found petitioner to be the same individual previously convicted of two felonies. Petitioner was sentenced on July 30, 2013, as follows: life imprisonment as a recidivist enhancement pursuant to the West Virginia habitual offender statutes for one count of intimidation and retaliation against a public officer or employee; ten years of incarceration for one count of second-degree arson, one to five years of incarceration for one count of conspiracy to commit second-degree arson, three years of incarceration for each of eight counts of third-degree arson, one to five years of incarceration for each of eight counts of intimidation and retaliation against a public officer or employee, one to five years of incarceration for one count of conspiracy to commit intimidation and retaliation against a public officer or employee, and one to five years of incarceration for conspiracy to commit third-degree arson. This appeal followed.

We have stated that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W. Va. 138, 459 S.E.2d 415 (1995). Further, "'[t]he Supreme Court of Appeals reviews sentencing orders ... under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James,* 227 W.Va. 407, 710 S.E.2d 98 (2011).

Petitioner raises several grounds on appeal. First, petitioner argues that the circuit court erred in denying his motion for discharge in violation of the two-term rule because he was incarcerated from December 19, 2011, until September 20, 2012, absent an indictment. West Virginia Code § 62-2-12. After considering the parties' arguments, we conclude that petitioner's direct appeal of the circuit court's ruling on the two-term issue is moot. As petitioner admits, he was indicted by a grand jury on September 20, 2012, and he was subsequently convicted. He has been sentenced under that conviction, and he is currently incarcerated on that sentence. Petitioner would avail nothing in our determination of this issue. This Court has long held that "[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter,* 63 W.Va. 684, 60 S.E. 873 (1908).

In *Ex parte Blankenship*, 93 W.Va. 408, 116 S.E. 751 (1923), and *State ex rel. Shifflet v. Rudloff*, 213 W.Va. 404, 582 S.E.2d 851 (2003), this Court granted writs of habeas corpus for criminal defendants who had been held in jail and a mental hospital, respectively, unindicted for

more than two terms of court. In both cases, the Court explained that a violation of the two-term rule does not prohibit further prosecution or incarceration on a subsequent indictment, conviction, and sentence. Here, petitioner seeks to address this issue on direct appeal after he has not only been indicted, but convicted by a jury and sentenced on that conviction. Petitioner is now incarcerated on that sentence, and any error with regard to this issue is moot.

Petitioner's next three assignments of error relate to the circuit court's denial of petitioner's motion to dismiss the indictment for prosecutorial delay, the State's failure to provide timely discovery, and a violation of West Virginia Code § 62-3-1 (referred to as the one-term rule), which provides that a criminal defendant in custody on an indictment shall be tried in the same term of court in which he is indicted, unless good cause is shown for a continuance. In reviewing these grounds, we employ the following standard of review: "This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's 'clearly erroneous' standard of review is invoked concerning the circuit court's findings of fact." Syl. Pt. 1, *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009).

As to the one-term rule, petitioner argues that the circuit court erred in denying his motion to dismiss because he was in custody but not tried in the same term of court in which he was indicted in violation of West Virginia Code § 62-3-1. Petitioner was indicted on September 20, 2012, during the June term of court in Greenbrier County. Petitioner was arraigned on Friday, September 28, 2012, and the next term was set to begin on Tuesday, October 2, 2012. The circuit court set the matter for trial during the October term. Petitioner now claims his trial should have begun on the one court day—Monday, October 1, 2012—between his arraignment and the beginning of the October term.

This Court has held that:

"The determination of what is good cause, pursuant to *W.Va.Code,* [§] 62-3-1, for a continuance of a trial beyond the term of indictment is in the sound discretion of the trial court, and when good cause is determined a trial court may, pursuant to *W. Va.Code,* [§] 62-3-1, grant a continuance of a trial beyond the term of indictment at the request of either the prosecutor or defense, or upon the court's own motion." Syllabus Point 2, *State ex rel. Shorter v. Hey,* 170 W.Va. 249, 294 S.E.2d 51 (1981).

Syl. Pt. 5, *Good v. Handlan,* 176 W.Va. 145, 342 S.E.2d 111 (1986). Moreover, we have also recognized that "a trial judge has broad discretion in managing his or her docket, including trial procedure and the conduct of trial." *Barlow v. Hester Industries, Inc.,* 198 W.Va. 118, 127, 479 S.E.2d 628, 637 (1996). Based upon our review of the record, we find that the circuit court did not abuse its discretion in continuing the instant case when only one day remained between petitioner's arraignment and the beginning of the next term of court.

With regard to prosecutorial delay, petitioner argues that the circuit court erred in denying his motion to dismiss because the State delayed his prosecution "at every opportunity." However, petitioner fails to cite to any authority or instances in the record to support his claim.

3

Instead, petitioner makes unsupported claims that the State delayed his proceedings so as to have more time to prepare for trial. There is nothing in the record before this Court to indicate that the State intentionally or oppressively sought to delay the prosecution in this matter. *See State v. McCartney,* 228 W.Va. 315, 324, 719 S.E.2d 785, 794 (2011) (discussing prosecutorial delay and the circuit court's discretion to continue a defendant's trial beyond one term of court upon a showing of good cause). As we find no reversible error in the timeframes for prosecution previously addressed in this decision, and petitioner fails to adequately support his assertions, we cannot find an abuse of discretion by the circuit court in failing to dismiss petitioner's case on this issue.

As to the timeliness of discovery, petitioner argues for the first time on appeal that the circuit court erred in failing to dismiss the indictment, or at a minimum to suppress the testimony of two witnesses at trial, because the State failed to timely disclose certain discovery.[1] However, petitioner fails to identify any instance in the record where he raised this issue before the circuit court and received a ruling on any motion or objection. We have held that "[a]s a general rule, proceedings of trial courts are presumed to be regular, unless the contrary affirmatively appears upon the record, and errors assigned for the first time in an appellate court will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court if objected to there." Syl. Pt. 17, *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974). A circuit court has discretion to fashion a remedy for noncompliance with pre-trial discovery. *State ex rel. Rusen v. Hill,* 193 W.Va. 133, 140, 454 S.E.2d 427, 434 (1994). Upon review of the record, we find no instance where petitioner presented this issue to the circuit court and received a ruling. Petitioner did not present this issue at trial in the form of an objection, and he did not include this issue in his motions after the State's case-in-chief or post-trial. Therefore, without having properly preserved the issue, we will not address it on appeal.

Petitioner's next assignment of error is that the circuit court erred in denying petitioner's motion for a new trial where petitioner's trial was postponed for several days due to inclement weather. Petitioner claims he was prejudiced by the delay in that the first day of trial consisted mainly of the State's case-in-chief, and therefore, the jurors were left to ruminate on the State's evidence for five days. With regard to a circuit court's ruling on a motion for a new trial, we observe the following standard of review:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

---

[1]The only discovery material petitioner identifies as untimely are reports from a companion case in Fayette County and statements of State witnesses taken, apparently, throughout the proceedings and shortly before trial. It is unclear from the record when the reports identified were disclosed, but petitioner claims to have received the witness statements on the date of trial. Petitioner also mentions the untimely disclosure of discovery material including "possible" exculpatory evidence, but he fails to explain what evidence was possibly exculpatory and in what way he was prejudiced by its alleged late disclosure.

4

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000). Moreover, as stated above, circuit courts have broad discretion over the management of their trial dockets. Syl. Pt. 9, *State ex rel. Atkins v. Burnside*, 212 W.Va. 74, 569 S.E.2d 150 (2002) ("Trial courts have the inherent power to manage their judicial affairs that arise during proceedings in their courts, which includes the right to manage their trial docket."). We find no abuse of discretion in the circuit court's decision to postpone the trial for three judicial days, thus saving the jurors and other participants from the dangers of traveling in inclement weather.

Finally, petitioner argues that the circuit court erred in denying his motion to dismiss the recidivist proceeding as untimely filed. This Court has explained the procedure of the West Virginia habitual offender statutes, West Virginia Code § 61-11-18 and -19, is as follows: first, a prosecutor must present a recidivist information to the court after a defendant is convicted, but before the defendant is sentenced. Second, the court must arraign the criminal defendant on the recidivist information filed by the State before expiration of the term of court at which the defendant was convicted. *Holcomb v. Ballard*, 232 W.Va. 253, ___, 752 S.E.2d 284, 287 (2013) ("[U]nder W. Va. Code § 61-11-19, a trial court is obligated to arraign a defendant on a recidivist information during the term of court in which the defendant is convicted."). In this case, petitioner was convicted by a jury on all counts on February 5, 2013,[2] in the February of 2013 term of court, and the State filed a recidivist information seventeen days later on February 22, 2013, alleging that petitioner had two previous felonies. Petitioner was then arraigned and tried by a jury on the recidivist information in the same February of 2013 term of court in which he was convicted. We find no error in the recidivist procedure in this matter.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  August 29, 2014

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

---

[2] Petitioner's trial began in the October of 2012 term of court. However, as explained elsewhere in this decision, the trial was not completed until February 5, 2013, which was the first day of the February of 2013 term of court.

5