No. 16-0996 – *Straub v. Reed, DMV Commissioner*

**FILED**
**November 1, 2017**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum dissenting:

"Justice shall be administered without . . . delay." W.Va. Const. art. III, § 17. That commendable constitutional mandate was heinously ignored in this case. It took the DMV almost two years after the defendant was arrested and charged with DUI to enter its administrative revocation. Thereafter, it took the Office of Administrative Hearings ("OAH") nearly one year to affirm the administrative revocation. All of these delays have caused this defendant, who was arrested in 2011, to live with the specter of a pending driver's license revocation for the better part of a decade. This is completely unreasonable and at odds with our constitutional mandate that justice be administered without delay.

**A. Unreasonable Delay**

"A driver's license is a property interest and such interest is entitled to protection under the Due Process Clause of the West Virginia Constitution." Syllabus Point 1, *Abshire v. Cline*, 193 W.Va. 180, 455 S.E.2d 549 (1995). Similarly, this Court stated in *Jordan v. Roberts*, 161 W.Va. 750, 756, 246 S.E.2d 259, 262 (1978), "There is not much question that in our mobile society the suspension of a driver's license . . . constitutes a serious deprivation." Further, in *Petry v. Stump*, 219 W.Va. 197, 200, 632 S.E.2d 353, 356 (2006), we observed, "[d]ue process rights must be considered under our general rules concerning unreasonable delay." In sum, this Court has left no doubt that "due process concerns are raised when there are excessive and unreasonable delays in

1

license suspension cases." *Holland v. Miller*, 230 W.Va. 35, 39, 736 S.E.2d 35, 39 (2012).

This Court discussed unreasonable delay in the context of an administrative proceeding in *Frantz v. Palmer*, 211 W.Va. 188, 192, 564 S.E.2d 398, 402 (2001):

> Among the list of guarantees set forth in article III, section 17 of our state constitution is the laudatory mandate that "**justice shall be administered without . . . delay**." W.Va. Const. art. III, § 17. Just as circuit court judges "have an affirmative duty to render timely decisions on matters properly submitted within a reasonable time following their submission," Syl. Pt. 1, in part, *State ex rel. Patterson v. Aldredge*, 173 W.Va. 446, 317 S.E.2d 805 (1984), the obligation to act in a timely fashion is similarly imposed upon administrative bodies, as we recognized in syllabus point seven of *Allen v. State Human Rights Commission*, 174 W.Va. 139, 324 S.E.2d 99 (1984): "[A]dministrative agencies performing quasi-judicial functions have an affirmative duty to dispose promptly of matters properly submitted."

(Emphasis added).

The defendant was arrested on January 9, 2011. The DMV's revocation order was entered on December 18, 2012, about two years later. This near two-year delay in entering the revocation order violates this Court's long recognized constitutional mandate that "justice shall be administered without . . . delay." *Id.* As *Frantz* makes clear, administrative bodies performing quasi-judicial functions have a duty to promptly dispose of these matters.[1] My review of the record reveals no logical reason justifying

---

[1] Similarly, in the criminal context, the state may not deprive a person of their liberty for more than two terms of court without presenting the case to the grand jury. See Syllabus Point 5, *State ex rel. Shifflet v. Rudloff*, 213 W.Va. 404, 582 S.E.2d 851 (2003) ("A person who has been committed to jail on a criminal offense, to answer an indictment which may be returned against him by the court, to which he is held, will be discharged

2

the two-year delay, nor can I find a reason explaining why it thereafter took the OAH yet another whole year to affirm the administrative revocation order.

## B. Prejudice

The defendant offered unrebutted testimony that the unreasonable delay in this matter caused him to suffer prejudice. The defendant is a pharmaceutical salesperson. After his employer announced a series of layoffs, he sought other employment opportunities and contacted various recruiters in his industry. However, once he informed these recruiters about the uncertainty regarding his driver's license revocation, the recruiters would not assist him and, in one instance, stated that they would never work with him again.

In Syllabus Point 2 of *Reed v. Staffileno*, __ W.Va. __, 803 S.E.2d 508 (2017), this Court held:

> On appeal to the circuit court from an order of the Office of Administrative Hearings affirming the revocation of a party's license to operate a motor vehicle in this State, when the party asserts that his or her constitutional right to due process has been violated by a delay in the issuance of the order by the Office of Administrative Hearings, the party must demonstrate that he or she has suffered actual and substantial prejudice as a result of the delay. Once actual and substantial prejudice from the delay has been proven, the circuit court must then balance the resulting prejudice against the reasons for the delay.

by writ of habeas corpus from further imprisonment on that charge, if he be not indicted before the end of the second term of court, unless it appear that material witnesses for the state have been enticed or kept away, or are prevented from attendance by sickness or inevitable accident." Syllabus, *Ex parte Blankenship*, 93 W.Va. 408, 116 S.E. 751 (1923).").

3

The defendant offered unrebutted testimony that he suffered real and significant prejudice as a result of the DMV's delay. The DMV failed to offer any logical reason explaining why this delay occurred. Thus, when balancing the defendant's prejudice against the reason for the substantial delay under Syllabus Point 2 of *Reed*, the result is clear—the defendant should have prevailed.

Based on all of the foregoing, I dissent.